IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INFINEUM INTERNATIONAL LTD. and INFINEUM USA L.P., <br><br> Plaintiffs, <br><br> v. <br><br> AFTON CHEMICAL CORP., <br><br> Defendant. | C.A. No. 05-884 (JJF) <br><br> **JURY TRIAL DEMANDED** |

## ANSWER AND COUNTERCLAIMS OF DEFENDANT AFTON CHEMICAL CORP.

Defendant Afton Chemical Corp. ("Afton") files this Answer and Counterclaims in response to the Complaint dated December 22, 2005, filed by Plaintiffs Infineum International Ltd. and Infineum USA L.P. (collectively "Infineum").

## ANSWER

1. This is an action for infringement of U.S. Patent No. 6,723,685 ("the '685 patent") arising under the patent laws of the United States, Title 35, United States Code.

**Answer:** Afton admits that Infineum alleges in paragraph 1 of the Complaint that this is an action for infringement of U.S. Patent No. 6,723,685 ("the '685 patent") arising under the patent laws of the United States, Title 35, United States Code. Except as expressly admitted, Afton denies the allegations of paragraph 1 of the Complaint.

## PARTIES

2. Plaintiff Infineum International Ltd. ("Infineum International") is a foreign corporation with a registered office at the Milton Hill Business & Technology Centre, PO Box 1, Abbingdon, Oxfordshire OX13 6BB, United Kingdom.

**Answer:** Upon information and belief, Afton admits the allegations of paragraph 2 of the Complaint.

3. Plaintiff Infineum USA L.P. ("Infineum USA") is a limited partnership organized and existing under the laws of State of Delaware and headquartered at 1900 East Linden Avenue, Linden, New Jersey 07036.

**Answer:** Upon information and belief, Afton admits the allegations of paragraph 3 of the Complaint.

4. Upon information and belief, defendant Afton Chemical Corp. ("Afton") is a corporation organized and existing under the laws of the State of Delaware with a place of business at 500 Spring Street, Richmond, Virginia 23219.

**Answer:** Afton admits the allegations of paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. This court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a), in that it involves substantial claims arising under the patent laws of the United States.

**Answer:** Afton admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a). Except as expressly admitted, Afton denies the allegations of paragraph 5 of the Complaint.

6. Afton is subject to personal jurisdiction in this judicial district because, upon information and belief, it is a Delaware corporation.

**Answer:** Afton admits the allegations of paragraph 6 of the Complaint.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, as a Delaware corporation, Afton resides in and is subject to personal jurisdiction in this district.

**Answer:** Afton admits that venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) and that Afton is subject to personal jurisdiction in this District. Except as expressly admitted, Afton denies the allegations of paragraph 7 of the Complaint.

## FIRST COUNT

8. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 7 as if set forth herein.

**Answer:** Afton repeats and realleges its answers to paragraphs 1 through 7 of the Complaint, as if set forth herein.

9. The '685 patent, entitled "Lubricating Oil Composition," was duly and legally issued on April 20, 2004 by the United States Patent and Trademark Office ("USPTO"). A true and correct copy of the '685 patent is attached hereto as Exhibit A. The claims of the '685 patent are valid and enforceable.

**Answer:** Afton admits that that '685 patent is entitled "Lubricating Oil Composition," was issued on April 20, 2004, by the United States Patent and Trademark Office ("USPTO"), and was attached to the Complaint as Exhibit A. Afton specifically denies that the '685 patent was duly and legally issued, and specifically denies that the claims of the '685 patent are valid and enforceable. Except as expressly admitted, Afton denies the allegations of paragraph 9 of the Complaint.

10. Infineum USA is the owner of the '685 patent by virtue of an assignment, dated October 6, 2005, from Infineum International. Infineum USA owns all right and title to the '685 patent.

**Answer:** Afton has insufficient information to admit or deny the allegations of paragraph 10 of the Complaint, and thus denies them.

11. Infineum International was the previous owner of the '685 patent by virtue of an assignment, recorded December 8, 2003, from the '685 patent's named inventors.

**Answer:** Afton has insufficient information to admit or deny the allegations of paragraph 11 of the Complaint, and thus denies them.

12. The '685 patent is generally directed to a lubricating oil containing a number of components and exhibiting improved low temperature valve train wear performance, fluoroelastomer material compatibility, and improved fuel economy performance when used in an internal combustion engine.

3

**Answer:** Afton admits that claim 1 of the '685 patent recites:

A lubricating oil composition comprising:

a) an oil of lubricating viscosity having a viscosity index of at least 95;

b) at least one calcium detergent;

c) at least one oil soluble molybdenum compound;

d) at least one organic ashless nitrogen-free friction modifier; and

e) at least one metal dihydrocarbyl dithiophosphate compound, wherein said composition is substantially free of ashless aminic friction modifiers, has a Noack volatility of about 15 wt. % or less, from about 0.05 to 0.6 wt. % calcium from the calcium detergent, molybdenum in an amount of from about 10 ppm to about 350 ppm from the molybdenum compound, and phosphorus from the metal dihydrocarbyl dithiophosphate compound in an amount up to about 0.1 wt. %.

Except as expressly admitted, Afton denies the allegations of paragraph 12 of the Complaint.

13. Upon information and belief, Afton has infringed and continues to infringe one or more claims of the '685 patent, directly, contributorily, and/or by inducement, by making, using, selling and/or offering to sell in this country, and/or importing into this country, petroleum additives, including, inter alia, GF-4 lubricant additive packages, in violation of 35 U.S.C §271.

**Answer:** Afton denies the allegations of paragraph 13 of the Complaint.

14. Upon information and belief, defendant's infringement of the '685 patent has been and continues to be willful, without license, and carried out with full knowledge of the '685 patent.

**Answer:** Afton denies the allegations of paragraph 14 of the Complaint.

15. Infineum International and Infineum USA have been and will continue to be damaged by defendants' infringement and will be irreparably injured unless that infringement is enjoined.

**Answer:** Afton denies the allegations of paragraph 15 of the Complaint.

### FIRST DEFENSE - NO INFRINGEMENT

Afton has not made, used, sold and/or offered to sell in this country, and/or imported into this country, petroleum additives, including, inter alia, GF-4 lubricant additive packages, in

violation of 35 U.S.C §271, and has not thereby infringed and is not infringing any claim of the '685 patent, either directly, contributorily, and/or by inducement.

## SECOND DEFENSE - INVALIDITY

The '685 patent is invalid for failure to comply with the conditions for patentability specified by 35 U.S.C. §§ 102, 103, and/or 112.

## THIRD DEFENSE - MARKING

Upon information and belief, Infineum and/or their licensees failed to comply with 35 U.S.C. § 287 in connection with the making, offering for sale, and/or selling of products covered by the patent-in-suit by failing to mark those products with the number of the patent-in-suit.

## RIGHT TO ASSERT ADDITIONAL DEFENSES

Afton's investigations into the allegations set forth in Infineum's Complaint are ongoing and discovery has not yet commenced. Afton expressly reserves the right to assert and pursue additional defenses.

## PRAYER FOR RELIEF

**Answer:** Afton denies that Infineum is entitled to the relief requested in any of paragraphs (a) - (g) of the complaint or to any other relief.

## COUNTERCLAIMS

## PARTIES AND JURISDICTION

1. Afton is a corporation organized and existing under the laws of the State of Delaware with a place of business at 500 Spring Street, Richmond, Virginia 23219.

2. On information and belief, Infineum USA L.P. ("Infineum USA") is a limited partnership organized and existing under the laws of State of Delaware and headquartered at 1900 East Linden Avenue, Linden, New Jersey 07036.

3. On information and belief, Infineum International Ltd. ("Infineum International") is a foreign corporation with a registered office at the Milton Hill Business & Technology Centre, PO Box 1, Abbingdon, Oxfordshire OX13 6BB, United Kingdom.

4. This Court has jurisdiction over these Counterclaims pursuant to at least 28 U.S.C. §§ 1331, 1338, 1367, and 2201.

5. Infineum USA is subject to personal jurisdiction in this judicial district for the present Counterclaims, at least because it commenced the present action and because, upon information and belief, it is a Delaware corporation.

6. Infineum International is subject to personal jurisdiction in this judicial district for the present Counterclaims, at least because it commenced the present action.

7. These Counterclaims are for declaratory judgment relief arising under 28 U.S.C. §§ 2201 and 2202, and the patent law of the United States, 35 U.S.C. § 101 et seq.

### COUNTERCLAIM I - DECLARATORY JUDGMENT OF NO INFRINGEMENT OF THE '685 PATENT

8. Afton adopts and incorporates in this Counterclaim paragraphs 1 - 7, above, as if set forth herein.

9. Afton has not infringed and is not infringing the '685 patent with its lubricant additive packages, including its GF-4 lubricant additive packages, either directly, contributorily, and/or by inducement.

10. Afton is entitled to a declaratory judgment that it has not infringed and is not infringing the '685 patent with its lubricant additive packages, including its GF-4 lubricant additive packages, either directly, contributorily, and/or by inducement.

## COUNTERCLAIM II - DECLARATORY JUDGMENT OF INVALIDITY OF THE '685 PATENT

11. Afton adopts and incorporates in this Counterclaim paragraphs 1 - 7, above, as if set forth herein.

12. The claims of the '685 patent are invalid for failure to comply with the conditions for patentability specified by 35 U.S.C. §§ 102, 103, and/or 112.

## RIGHT TO ASSERT ADDITIONAL COUNTERCLAIMS

13. Afton's investigations into the allegations set forth by in Infineum's Complaint are ongoing and discovery has not yet commenced. Afton expressly reserves the right to assert and pursue additional counterclaims.

## JURY TRIAL DEMANDED

Afton requests a jury trial on all issues so triable.

## PRAYER FOR RELIEF

For the reasons set forth above, Afton prays for the Court's entry of judgment for it and against Infineum as follows:

    A. Declaring the '685 patent to be invalid;

    B. Declaring that Afton has not infringed, induced infringement of, or contributorily infringed the '685 patent with its lubricant additive packages, including its GF-4 lubricant additive packages;

    C. Dismissing Infineum's Complaint with prejudice;

    D. Declaring that this case is exceptional pursuant to 35 U.S.C. § 285;

    E. Awarding to Afton its costs, expenses, and reasonable attorney's fees incurred in defending against Infineum's claims in this action; and

      F.      Awarding to Afton such other and further relief as this Court deems just and proper.

OF COUNSEL:

Ford F. Farabow, Jr.
Ronald A. Bleeker
Mark J. Feldstein
FINNEGAN, HENDERSON, FARABOW,
   GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4413
(202) 408-4000

Kenneth M. Frankel
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Suite 800
Reston, VA 20190-5675
(571) 203-2700

Dated: February 6, 2006
718221 / 29965

POTTER ANDERSON & CORROON LLP

By: _____
Richard L. Horwitz (#2246)
Kenneth L. Dorsney (#3726)
Hercules Plaza, 6th Floor
1313 N. Market Street
P. O. Box 951
Wilmington, DE 19899
rhorwitz@potteranderson.com
kdorsney@potteranderson.com
(302) 984-6000

*Attorneys for Defendant*
*Afton Chemical Corp.*

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

**CERTIFICATE OF SERVICE**

I, Richard L. Horwitz, hereby certify that on February 6, 2006, the attached document was hand delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

Josy W. Ingersoll
John W. Shaw
Young, Conaway, Stargatt & Taylor
Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19899

I hereby certify that on February 6, 2006, I have Electronically Mailed the documents to the following non-registered participants:

Richard L. Delucia
Elizabeth A. Gardner
Kenyon & Kenyon
One Broadway
New York, NY 10004
rdelucia@kenyon.com

By: /s/ Richard L. Horwitz
Richard L. Horwitz
Kenneth L. Dorsney
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

718549