# EXHIBIT 1

## Frankel, Kenneth

**From:**    Gardner, Elizabeth [EGardner@kenyon.com]
**Sent:**    Tuesday, May 30, 2006 10:13 AM
**To:**      Frankel, Kenneth
**Subject:** RE: Afton: Infineum: Protective Order Motions

Ken:  Our designees are Jacob Levine for Infineum USA L.P  and Stewart McCallum and Susan Fletcher Watts for
Infineum International Ltd   Best regards,  Elizabeth

Elizabeth Gardner

**KENYON & KENYON LLP**

One Broadway
New York, NY  10004
Direct:  (212) 908-6237
Fax:  (212) 425-5288
egardner@kenyon.com

This e-mail may contain legally privileged and/or confidential information.  If you are not the intended recipient(s), or authorized to deliver this
message to the intended recipient(s), you are notified that any dissemination, distribution or copying of this e-mail message is strictly
prohibited  If you received this message in error, please immediately notify sender and delete this e-mail message from your computer and
destroy any copies.  Thank you.

**From:** Frankel, Kenneth [mailto:kenneth.frankel@finnegan.com]
**Sent:** Tuesday, May 30, 2006 8:13 AM
**To:** Gardner, Elizabeth
**Subject:** FW: Afton: Infineum: Protective Order Motions

Elizabeth,

I have not heard from you whom Infineum wants to designate as in-house counsel under the protective order   Please
let me know this morning, since we have agreed to submit the papers tomorrow.

Ken

Kenneth M. Frankel
Finnegan, Henderson, Farabow, Garrett & Dunner, LLP
Two Freedom Square
11955 Freedom Drive
Reston, Virginia 20190-5675
Tel.  571-203-2780
Fax  202-408-4400
kenneth.frankel@finnegan.com

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INFINEUM INTERNATIONAL LTD. and INFINEUM USA L.P.,<br><br>                              Plaintiffs,<br><br>                    v.<br><br>AFTON CHEMICAL CORP.,<br><br>                              Defendant. | **CONFIDENTIAL -- OUTSIDE COUNSELS' EYES ONLY PURSUANT TO LOCAL RULE 26.2**<br><br>C.A. No. 05-884 (JJF) |

## PLAINTIFFS' SECOND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO AFTON'S FIRST SET OF INTERROGATORIES (NOS. 1-13)

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiffs Infineum International Ltd. and Infineum USA L.P. (collectively, "Infineum"), by and through their attorneys, hereby further supplement their objections and responses to Defendant Afton Chemical Corp.'s ("Afton's") First Set of Interrogatories (Nos. 1-13).

Infineum's discovery and investigation into the matters specified is continuing. Accordingly, Infineum reserves the right to rely, at the time of taking testimony or in other proceedings in this action, upon documents or evidence in addition to the material or information produced in response to these Interrogatories, regardless of whether any such material or information is newly discovered or is presently in existence but not as yet located and produced despite diligent and good faith efforts. Further, Infineum reserves the right to supplement the responses and objections to these Interrogatories as applicable.

Infineum's answer to any Interrogatory is not an admission or acknowledgment that such information is relevant to this action or that any particular document or thing exists, is non-

**CONFIDENTIAL – OUTSIDE COUNSELS' EYES
ONLY PURSUANT TO LOCAL RULE 26.2**

Infineum specifically objects to this interrogatory because Afton bears the burden of proving

prior invention and has not shown any evidence of the same. Infineum also objects to this

interrogatory as overly broad and unduly burdensome in its efforts to require Infineum to identify

"all acts or activities."

Subject to and without waiving these objections, Infineum states that the invention

described by claims of the '685 patent was conceived and reduced to practice at least as early as

April 5, 2002, the filing date of U.S. Application Serial No. 10/117,679.

**Interrogatory No. 7:**

Identify each current or former officer, employee, agent, representative, attorney, or other
person under the present or former control of Infineum associated with the preparation, filing, or
prosecution of the subject matter of the patent-in-suit, including the patent-in-suit and any
foreign or international applications related thereto, and for each such person state his or her full
name, address, employer, occupation and the date, manner, and reasons he or she was associated
with the preparation, filing, or prosecution.

**Response:**

Subject to and without waiving the general objections and the objections to definitions

and instructions listed above, Infineum states that the following individuals were involved in the

preparation, filing, and/or prosecution of both the patent-in-suit and related foreign or

international applications:

| Individual Name | Relationship/Prosecution |
|---|---|
| Rolf J. Hartley<br>Infineum USA L.P.<br>1900 East Linden Ave.<br>Linden, NJ 07036 | Named inventor |
| Malcolm Waddoups<br>Infineum USA L.P.<br>1900 East Linden Ave.<br>Linden, NJ 07036 | Named inventor |

CONFIDENTIAL – OUTSIDE COUNSELS' EYES
ONLY PURSUANT TO LOCAL RULE 26.2

| Individual / Entity | Relationship to Action |
|---|---|
| Jacob M. Levine, Esq.<br>Infineum USA L.P.<br>1900 East Linden Ave.<br>Linden, NJ 07036 | Prosecuting attorney |

## Interrogatory No. 8:

State all bases for Infineum's contentions that the claims of the patent-in-suit allegedly infringed by Afton are valid, including for each claim:

    (a)    an identification of all prior art with respect to the patent-in-suit that has been brought to the attention of Infineum, and Infineum's basis for validity of each allegedly infringed claim over each such piece of prior art; and

    (b)    a detailed recitation of all facts (whether tending to support or negate a conclusion of non-obviousness) of which Infineum is aware regarding any secondary consideration of non-obviousness, and separately for each such fact, an identification of the persons most knowledgeable with respect to that fact and an identification of each document which relates to that fact.

## Response:

In addition to the general objections and the objections to definitions and instructions listed above, Infineum specifically objects to Interrogatory No. 8 as seeking information protected by the attorney-client privilege and/or the attorney work-product doctrine. Further, Infineum objects to this interrogatory because the patent-in-suit is presumptively valid and Afton, if it elects to do so, bears the burden of proving that the claims of the patent-in-suit are invalid by clear and convincing evidence. Infineum also objects to this interrogatory as premature. To the extent Afton contends that the claims of the patent-in-suit are invalid, Infineum will respond to these allegations in its responsive expert reports at the time specified in the Court's March 1, 2006 scheduling order.

-20-

**CONFIDENTIAL – OUTSIDE COUNSELS' EYES
ONLY PURSUANT TO LOCAL RULE 26.2**

claims within which it falls, and what if any action Infineum has taken with regard to that product.

**Response:**

In addition to the general objections and the objections to definitions and instructions

listed above, Infineum specifically objects to Interrogatory No. 13 as seeking information

protected by the attorney-client privilege and/or the attorney work-product doctrine. Further,

Infineum objects to this interrogatory as it seeks information and/or documents not relevant to

the claim or defense of any party or reasonably calculated to lead to the discovery of admissible

evidence.

John W. Shaw (No. 3362)
Monte T. Squire (No. 4764)
YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
P.O. Box 391
Wilmington, DE  19899-0391
(302) 571-6672

Of counsel:

Richard Delucia
Elizabeth A. Gardner
K. Patrick Herman
KENYON & KENYON LLP
One Broadway
New York, NY 10004
(212) 425-7200

*Attorneys for Plaintiffs Infineum International Ltd.
and Infineum USA L.P.*

Dated:  April 18, 2006

-24-

# EXHIBIT 3

Searchable Patent Lawyers database

 **Database of professional representatives**
homepage => search & index => european patent attorneys database

This is the complete name and address of the representative chosen by you. In case there is an email-address and/or a URL available, these pieces of information will be displayed too. If you have any difficulties in approaching the representative under the data listed below, please drop us a mail.

```
Fletcher Watts; Susan J.(GB)
Infineum UK Ltd
Milton Hill Business
and Technology Centre
P.O. Box 1, Building 10
GB-Abingdon, Oxfordshire OX13 6BB
Tel  : , (01235)54 9500
Fax  : (01235)46 9499
```

EPO Home Page | Recent updates | Request info | Send comments | Index
Patent information on the Internet

Copyright © 1996-2006 European Patent Office . All Rights Reserved.
e-mail: EPO Mail Distribution

EPO - patent attorneys database



## Database of professional representatives
homepage => search & index => european patent attorneys database

- This database of professional representatives is maintained by the European Patent Office. The information contained in this site will be updated as soon as we get knowledge of new entries, amendments or deletions. Information on how to become a European patent attorney is available as a separate EPO brochure.

- Please enter the specific data you are looking for in the appropriate field and submit the query by clicking on the submit-button. The minimum information you need to enter is either the country- or the lastname-field.

- You will then be presented a hit list of representatives that match your query. By clicking on the links of the hit list, the complete name and address of the representative in subject will be displayed.

- If there is an e-mail address and/or WWW-pages available, this information will be displayed too.

Name (Help): `fletcher watts`

Country (Help): `Great Britain`

City: `                    `

[ Start search ]

---

EPO Home Page | Recent updates | Request info | Send comments | Index
Patent information on the Internet

Last updated on Fri, 8 Jul 2005 12:37:22 UTC +01:00
Copyright © 1996-2005 European Patent Office . All Rights Reserved.
e-mail: EPO Mail Distribution

# EXHIBIT 4

**From:** Bleeker, Ronald
**Sent:** Tuesday, March 28, 2006 2:34 PM
**To:** 'pherman@kenyon.com'
**Subject:** Infineum v. Afton -- Protective Order

Patrick:

Enclosed is a red-lined document, indicating our proposed changes to your draft.

Please let us have your comments.

Regards,

Ron

Formatted: Font: 16 pt, Bold
Formatted: Font: 16 pt, Bold

**FHFGD DRAFT 3/28/06**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

INFINEUM INTERNATIONAL LTD. and
INFINEUM USA L.P.,

                    Plaintiffs,

          v.                                    C.A. No. 05-884 (JJF)

AFTON CHEMICAL CORP.,

                    Defendant.

**STIPULATION AND PROTECTIVE ORDER**

Each of the parties to the above captioned action (the "Action") may seek discovery of

documents, information or other materials which may contain or relate to confidential,

proprietary or trade secret information of another party or of a non-party. Pursuant to Rule 26(c)

of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed between the parties,

through their respective counsel, and subject to the Court's approval, that the following

procedure will be used in this Action for the protection of the parties against the improper use or

disclosure of confidential information produced in discovery, filed with the Court, or adduced at

depositions, hearings, or at trial. In addition, the procedures of this Order will apply to any non-

party that produces information in response to discovery requests in this Action and agrees to be

bound under the terms of this Order.

Deleted: third

1.    "Confidential Information" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this Action ("Discovery Material"), which a party (or a non-party producing Discovery Material in response to discovery requests in this Action who agrees to be bound by the terms of this Order) designates as "Confidential" and which contains non-public, confidential or proprietary information, whether personal or business-related. Certain types of Confidential Information may be further designated, as defined and detailed below, as "Confidential – Outside Counsels' Eyes Only." The Confidential – Outside Counsels' Eyes Only designation shall be reserved for confidential information that constitutes, reflects, or concerns business, financial or commercial information, the disclosure of which would be likely to cause harm to the business or competitive position of the party making the confidential designations on Discovery Material ("the Producing Party"). All such Confidential or Confidential – Outside Counsels' Eyes Only designations shall be made in good faith by the Producing Party and made at the time of disclosure, production, or tender to the party receiving the same ("Receiving Party").

2.    The designation of Discovery Material in the form of documents, responses to admissions and interrogatories, or other tangible materials (including, without limitation, CD-ROMs, DVDs, and tapes) other than depositions or other pretrial testimony as Confidential or Confidential – Outside Counsels' Eyes Only shall be made by the Producing Party in the following manner:

(a)Documents designated Confidential shall be so marked by conspicuously affixing the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall, to the extent practical, be identified

-2-

Deleted: limited

Deleted: trade secrets, know-how or proprietary data,

Deleted: is

Formatted: Indent: Left: 0.5"

Formatted: Bullets and Numbering

Deleted: g

by production number. To the extent practical, the Confidential legend shall be placed

near the production number(b)Documents designated Confidential – Outside Counsels'

Eyes Only shall be so marked by conspicuously affixing the legend "CONFIDENTIAL –

OUTSIDE COUNSELS' EYES ONLY PURSUANT TO PROTECTIVE ORDER" or

similar designation on each page containing any Confidential – Outside Counsels' Eyes

Only Information (or in the case of computer medium on the medium and its label and/or

cover) to which the designation applies. Such designated Discovery Material shall, to the

extent practical, be identified by production number. To the extent practical, the

Confidential – Outside Counsels' Eyes Only legend shall be placed near the production

number.

(c)If a document has more than one designation, the more restrictive or higher

confidential designation applies.

3.     "Confidential" and "Confidential – Outside Counsels' Eyes Only" Information shall not

include any Discovery Materials which:

(a)     Have been or become lawfully in the possession of the Receiving Party through

communications other than production or disclosure in this Action, or in another litigation, for

example, as a result of legitimate business dealings between the parties, unless those documents

are covered by a separate non-disclosure or confidentiality agreement, in which case the

Receiving Party may continue to use such documents in the course of its business subject to

those agreements; or

(b)     Have been or become part of the public domain by publication or otherwise and

not due to any unauthorized act or omission on the part of the Receiving Party or any of its

authorized representatives or designees under this Protective Order. Nothing herein shall impose

any restriction on the use or disclosure by a party of its own documents or information.

-3-

Deleted: r.

Deleted: ¶

4.    In the absence of written permission from the Producing Party or order of the Court, disclosure of Confidential and Confidential – Outside Counsels' Eyes Only Information shall be limited to the following "Qualified Persons" in this Action:

(a)    Young, Conaway, Stargatt & Taylor, LLP and Kenyon & Kenyon LLP, attorneys of record for plaintiffs Infineum International Ltd. and Infineum USA L.P., and their stenographic, clerical, paralegal, and other support employees whose duties and responsibilities require access to such materials;

(b)    Potter Anderson & Corroon LLP and Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, attorneys of record for defendant Afton Chemical Corp., and their stenographic, clerical, paralegal, and other support employees whose duties and responsibilities require access to such materials;

(c)    For each side, a total of two in-house counsel, whose names are listed below, (as well as their secretaries, paralegals and other support personnel) who (i)have responsibilty for maintaining, defending or evaluating this litigation;(ii) are not, directly or indirectly, involved in the preparation or prosecution of any patent applications relating to engine oil lubricants or additive packages for such lubricants; and (iii) agree in writing not to engage in the preparation or prosecution of patent applications relating to engine oil lubricants or additive packages for such lubricants for a period ending two (2) years from the date of termination of this Action, except that Confidential – Outside Counsels' Eyes Only information shall not be disclosed to any person described in this paragraph 4(c) without the express written consent of the Producing Party. For purposes of this paragraph, plaintiffs will be considered to be a single side/party. The approved in-house counsel are as follows:

| Plaintiffs | Defendant |
| --- | --- |

-4-

Deleted: and

Deleted: and

Deleted: total
Deleted: three
Deleted: employes
Deleted: and who have responsibility for maintaining, defending or evaluating this litigation,

Deleted: house
Deleted: employes

Deleted: s

| | Plaintiffs | Defendant |
|---|---|---|
| Name Title | | |
| Name Title | | |
| · | | |

Deleted: s
Deleted: Name Title
Deleted: The parties

Either party to this Action may substitute the in-house counsel of that party who are listed above with other in-house employees of that party for good cause, provided that (i) the total number of listed in-house counsel of that party does not exceed two at any time, and (ii) that the substitute in-house counsel meet the description and agree to the requirements set forth above in this section 4(c),

Deleted: shown.

(d)    Retained independent consultants, experts, or translators for plaintiffs or defendant (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation, or any direct competitor of any party to this litigation (and who have no current intention to become an employee of a party to this litigation or a competitor thereof) and who have complied with the following procedures:

(i)    Before receiving any Confidential or Confidential – Outside Counsels' Eyes Only Information the individual shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the acknowledgment form attached hereto as Exhibit A, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order.

(ii)    The executed acknowledgment form along with the individual's curriculum vitae and an identification of any past or present employment or consulting

-5-

relationship with any party or any related company must be provided to all other parties in this action at least seven (7) business days before any disclosure is made. If, within seven (7) days after receiving notice, any party objects to the disclosure of that party's Confidential or Confidential – Outside Counsels' Eyes Only information, stating with particularity in writing the basis for the objection, no disclosure of that party's Confidential or Confidential-Outside Counsel's Eyes Only information shall be made until the matter is resolved by the Court or upon agreement of the parties.

<span style="float:right">Deleted: 's</span>

<span style="float:right">Deleted: 's</span>

<span style="float:right">Deleted: intended</span>

    (e)   the authors, senders, addressees, and identified copy recipients of such Confidential or Confidential – Outside Counsels' Eyes Only Information and employees of the Producing Party;

    (f)   The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to this Action; and

<span style="float:right">Deleted: or</span>

    (g)   Outside document copying services (e.g., Ikon, Xerox), and/or document coding, computerization, jury consultants, or other litigation support services (e.g., Quorum/Lanier). For purposes of this paragraph 4(g), "document" refers to paper documents, video tapes, CD-ROMs, DVDs, computer discs, and other similar media.

<span style="float:right">Formatted: Body Text,bt</span>

    (h)   In the event that counsel for a Receiving Party deems it necessary to disclose any information of a Producing Party that is designated as Confidential or Confidential – Outside Counsels' Eyes Only to any person not specified in subparagraphs (a) through (g) above, said counsel shall notify counsel for the Producing Party in writing of (i) the information or documents it wants to disclose, and (ii) the person or persons to whom it wants to make such disclosure. If agreement cannot be reached between counsel, the Receiving Party that desires to make such disclosure may make an appropriate motion to the Court.

5.    Nothing in this Order shall preclude any party or its attorneys from:

    (a)   showing a document designated as Confidential or Confidential – Outside Counsels' Eyes Only to an individual who, as indicated on the face of the document or

<span style="float:right">Deleted: 's</span>
<span style="float:right">Deleted: 's</span>

<div align="center">-6-</div>

established by other, prior evidence, either authored, sent, received, or was a designated copy

recipient, on the document;

      (b)    using at a deposition of an officer, employee or expert of the Producing Party any

document such Producing Party designated as Confidential or Confidential – Outside Counsels',

Eyes Only, provided that only Qualified Persons are present while that document is being used at

the deposition and that the relevant portion of the deposition transcript is placed under seal in

accord with the provisions of paragraph 9 herein; or

      (c)    disclosing or using, in any manner or for any purpose, any information or

documents from the Producing Party's own files which the Producing Party has itself

designated as Confidential or Confidential – Outside Counsels' Eyes Only.

6.    Confidential or Confidential – Outside Counsels' Eyes Only Information and the

substance or content thereof, including any notes, memoranda or other similar documents

relating thereto, shall be used by a Receiving Party and its authorized representatives or

designees under this Protective Order solely for the purpose of this Action and any appeals

therefrom, and shall not be made available, or disclosed, or summarized to any persons,

including the parties, other than as permitted under this Protective Order.

7.    Any person in possession of Confidential or Confidential – Outside Counsels' Eyes Only

Information shall exercise, appropriate care with regard to the storage, custody or use of such

Information in order to ensure that the confidential nature of the same is maintained.

8.    If Confidential or Confidential – Outside Counsels' Eyes Only Information is disclosed to

anyone other than in a manner authorized by this Protective Order, the party responsible for such

disclosure must immediately bring all pertinent facts relating to such disclosure to the attention

of the Producing Party of the Confidential or Confidential – Outside Counsels' Eyes Only

-7-

Deleted: copied

Deleted: 's

Deleted: party's
Deleted: party
Deleted: 's

Deleted: reasonably

Information and make, all reasonable efforts to retrieve such Information and to prevent further

disclosure.

Deleted: every

9.      Any deposition transcript containing Confidential or Confidential – Outside Counsels'

Eyes Only Information shall be marked on the cover as "CONFIDENTIAL PURSUANT TO

PROTECTIVE ORDER" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY

PURSUANT TO PROTECTIVE ORDER," as appropriate, and shall indicate as appropriate

within the transcript what information has been so designated. Whenever possible, the

stenographic reporter shall be requested prior to the deposition (where the attorneys have reason

to believe the testimony will contain Confidential or Confidential – Outside Counsels' Eyes Only

Information) or when the Confidential or Confidential – Outside Counsels' Eyes Only

Information is disclosed (when not previously anticipated) to separate those portions of the

transcript containing confidential information and separately bind them (or, if in electronic form,

otherwise designate such portions as separate) from the non-confidential portions. However, a

Deleted: it

party may designate any portion or all (if appropriate) of the transcript as containing Confidential

or Confidential – Outside Counsels' Eyes Only Information by so advising, with reasonable

precision as to the affected testimony, the deposition reporter, who shall accordingly indicate in

the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so

designated, or by so advising all other parties in writing, and with page and line designations,

within thirty (30) business days after receipt of the transcript. Until thirty (30) business days

have passed after the receipt of any transcript, that entire transcript shall be deemed to be

Confidential – Outside Counsels' Eyes Only unless a prior confidentiality designation has been

made. In the event of disagreement about the confidential status of a deposition transcript, it

shall continue to be treated as Confidential or Confidential – Outside Counsels' Eyes Only,

whichever protection is being sought, until this Court rules otherwise.

-8-

10.   Nothing in this Order shall prevent a party from using any Confidential or Confidential

Outside Counsels' Only Information in any pleading, motion, other written submission to the

Court, or hearing under the following conditions: Any paper or other document filed in this

Action which contains or discloses Confidential or Confidential – Outside Counsels' Eyes Only

Information shall be filed under seal and shall be maintained under seal according to the terms of

this Protective Order or as otherwise determined by the Court.  When filing papers, which

contain Confidential or Confidential – Outside Counsels' Eyes Only Information, the party so

filing shall designate the following on the first page of the filed documents:  "UNDER SEAL -

SUBJECT TO PROTECTIVE ORDER - CONTAINS CONFIDENTIAL OR CONFIDENTIAL

– OUTSIDE COUNSELS' EYES ONLY MATERIAL" and shall otherwise comply with the

Court's order on the subject. The party submitting such information shall request that the portion

of the proceeding where use is made of such documents be in camera or otherwise subject to

such procedures as the parties and the Court may agree to preserve the confidentiality of the

information contained therein.

11.   Entering into, agreeing to and/or producing or receiving Confidential or Confidential –

Outside Counsels' Eyes Only Information, or otherwise complying with the terms of this

Protective Order shall not:

(a)     Operate as an admission by any party that any Discovery Material designated as

Confidential or Confidential – Outside Counsels' Eyes Only contains or reflects trade secrets or

any other type of confidential or proprietary information entitled to protection under applicable

law;

(b)     Prejudice in any way the rights of any party to object to the production of

documents it considers not subject to discovery, or operate as an admission by any party that the

restrictions and procedures set forth herein constitute adequate protection for any particular

-9-

Deleted: pleading,

Deleted: a

Deleted: pleadings

information deemed by any party to be Confidential or Confidential – Outside Counsels' Eyes
Only" Information;

(c)    Prejudice in any way the rights of any party to object to the authenticity or
admissibility into evidence of any document, testimony or the evidence subject to this Protective
Order;

(d)    Prejudice in any way the rights of any party to seek a determination by the Court
whether any Discovery Material or Confidential or Confidential – Outside Counsels' Eyes Only
Information should be subject to the terms of this Protective Order;

(e)    Prejudice in any way the rights of any party to petition the Court for a further
protective order relating to any purportedly Confidential or Confidential – Outside Counsels'
Eyes Only Information;

(f)    Prejudice in any way the rights of any party to petition the Court for permission to
disclose or use particular Confidential or Confidential – Outside Counsels' Eyes Only
Information more broadly than would otherwise be permitted by the terms of this Protective
Order; or

(g)    Prevent any Producing Party from agreeing to alter or waive the provisions or
protections provided for herein with respect to any particular Discovery Material designated as
Confidential or Confidential – Outside Counsels' Eyes Only Information by that party.

12.    The signing of this Protective Order or failure of a party, at the time it receives Discovery
Materials designated as Confidential or Confidential – Outside Counsels' Eyes Only
Information, to challenge or object to the Confidential or Confidential – Outside Counsels' Eyes
Only designations shall not be deemed a waiver of its right to challenge or object to such
designations at any later time. Any party may at any time challenge the designation of any
Discovery Materials as Confidential or Confidential – Outside Counsels' Eyes Only and may

-10-

request permission to use or disclose information with Confidential or Confidential – Outside

Counsels' Eyes Only designations other than as permitted, pursuant to this paragraph by serving

(by facsimile transmission) a written request upon counsel for the Producing Party at least ten

(10) business days before the date of the proposed disclosure and by providing telephonic notice

of such request on the same date the facsimile is transmitted. Such request shall specifically

identify the Confidential or Confidential – Outside Counsels' Eyes Only Information, including

production numbers, sought to be disclosed and the name, title and function of the person to

whom disclosure is desired to be made. The Producing Party shall thereafter respond to the

request in writing within ten (10) business days after receipt of same. Absent good cause shown,

a failure to respond within such time shall constitute consent to the request. If, where consent

has been withheld, the parties are subsequently unable to agree on the terms and conditions of

disclosure, the matter may be submitted to the Court for resolution by the party seeking

disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

13.    Notwithstanding any default provisions of this Protective Order providing for

confidential treatment, in the event of disagreement, the party asserting confidentiality shall have

the burden of proving that the information at issue is entitled to the protection of this Protective

Order.

14.    All provisions of this Protective Order restricting the use of information obtained during

discovery shall continue to be binding on the parties and all persons who have received

information under this Protective Order, after the conclusion of this action, including all appeals,

until further Order of the Court, unless the parties agree otherwise in writing.

15.    Any and all originals and copies of Discovery Materials designated Confidential or

"Confidential – Outside Counsels' Eyes Only," shall, at the request of the Producing Party, be

returned to that party within sixty (60) days after a final judgment herein, the mandate has issued

Deleted: p

Deleted: p

Deleted: the

-11-

in the case of an appeal, or settlement of this Action, or, at the option of the Producing Party,

destroyed in that time frame, and any analyses, memoranda, or notes which were internally

generated by the Receiving Party based upon such inadvertently-produced information shall be

promptly destroyed by the Receiving Party, except that outside counsel for each party may

maintain in its files one copy of each pleading filed with the Court, each deposition transcript

together with the exhibits marked at the deposition, and documents constituting work product

which were internally generated based upon or which include Confidential or Confidential –

Outside Counsels' Eyes Only Information. In the event that outside counsel maintains such

documents, it shall not disclose material containing any type of Confidential or Confidential –

Outside Counsels' Eyes Only Information to another person absent subpoena or court order.

Upon receipt of any subpoena for such information, the party receiving the subpoena shall

immediately notify outside counsel for the Producing Party of the subpoena so that the latter may

protect its interests. In the event that documents are returned to or destroyed at the request of the

Producing Party, the other party or its outside counsel shall certify in writing that all such

documents have been returned or destroyed, as the case may be.

16.    The inadvertent production in discovery of any Confidential or Confidential – Outside

Counsels' Eyes Only information, without such designation, at the time of the production, shall

not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality,

either as to the specific information disclosed or as to any other information relating to the same

or related subject matter, provided the Producing Party promptly upon discovery of the

inadvertent disclosure notifies the Receiving Party in writing that the information is Confidential

or Confidential – Outside Counsels', Eyes Only. Such notification shall constitute a designation

of the information as Confidential or Confidential – Outside Counsels', Eyes Only, and therefore

subject it to the provisions of this Order. Disclosure of inadvertently disclosed Confidential or

-12-

Deleted: p

Deleted: p

Deleted: p

Deleted: p

Deleted: s

Deleted: regardless whether the material was so designated

Deleted: y

Deleted: y

Deleted: s

Deleted: s

Confidential – Outside Counsels' Eyes Only information prior to receipt of such notice shall not be deemed a violation of this Order. However, those persons to whom disclosure was made are to be advised that the information is Confidential or Confidential – Outside Counsels' Eyes Only and must be treated in accordance with this Order and wherever possible any document embodying such Confidential or Confidential – Outside Counsels' Eyes Only information shall be marked "Confidential" or "Confidential – Outside Counsels' Eyes Only."

17.    The inadvertent production in discovery of any privileged or otherwise protected or exempted information, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege and the protection afforded to work-product materials or the subject matter thereof, provided that the Producing Party shall immediately notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall immediately be returned by the Receiving Party to the Producing Party and, the Receiving Party and its counsel shall not use such information for any purpose absent agreement by the Producing Party or an order from the Court determining its disposition. If the parties disagree about the disposition of such material after conferring in good faith, then either side may move the Court for a resolution of the dispute. Any analyses, memoranda or notes which were internally generated by the Receiving Party based upon such inadvertently-produced information shall immediately be gathered by counsel for the Receiving Party and not used for any purpose absent agreement by the Producing Party or an order from the Court determining its disposition. 18.    If Confidential or Confidential – Outside Counsels' Eyes Only Information is the subject of a confidentiality obligation by the Producing Party to a non-party, the Producing Party shall identify the information with sufficient particularity so as to enable the

-13-

| Deleted: s |
| Deleted: s |
| Deleted: s |
| Deleted: s |
| Formatted: Bullets and Numbering |
| Deleted: be kept by counsel for |
| Deleted: other than to obtain |
| Deleted: treated in conformance with the protected nature of the information.¶ |

Receiving Party to understand the general subject of such information. If the non-party refuses a request from the Producing Party to consent to production of the information, the Receiving Party may request an Order from the Court with regard to the terms on which the information may be made available to the Receiving Party.

19.    Any violation of the terms of this Protective Order shall be punishable by such relief as deemed appropriate by the Court. 20.  Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered." 21.    Non- parties who produce information in this Action may avail themselves of the provisions of this Protective Order and Discovery Material produced by non-parties shall be treated by the parties in conformance with this Protective Order. If any Confidential or Confidential – Outside Counsels' Eyes Only Information is produced by a non-party to this Action, such non-party shall be considered a Producing Party within the meaning of that term as it is used in the context of this Order, and the parties to this Order shall be treated as Receiving Parties. Nothing in this paragraph shall permit a party to designate as Confidential or Confidential -- Outside Counsels' Eyes Only any information produced by a non-party that such non-party did not itself designate as Confidential or Confidential – Outside Counsels' Eyes Only. 22.    This Order is without prejudice to the right of any party to seek relief from the Court upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced. 23.    The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

| Deleted: ¶ |
| Deleted: o |

| Deleted: ¶ |
| Deleted: Third |
| Deleted: third |

| Deleted: ¶ |

| Deleted: ¶ |

AGREED:

YOUNG, CONAWAY,
STARGATT & TAYLOR, LLP

    John W. Shaw (ID #3362)
    The Brandywine Building
    1000 West St.
    Wilmington, Delaware 19801
    (302) 571-6672

    *Attorneys for Plaintiffs*
    *Infineum International Ltd. and*
    *Infineum USA L.P.*

    Of Counsel:
    Richard L. DeLucia
    Elizabeth A. Gardner
    KENYON & KENYON LLP
    One Broadway
    New York, New York 10004-1050
    (212) 425-7200

POTTER ANDERSON &
CORROON LLP

    Richard L Horwitz (#2246)
    Kenneth L. Dorsney (#3726)
    Hercules Plaza, 6th Floor
    1313 N. Market Street
    P.O. Box 951
    Wilmington, DE 19899
    (302) 984-6000

    *Attorney for Defendant Afton*
    *Chemical Corp.*

    Of Counsel:
    Ford F. Farabow, Jr.
    Ronald A. Bleeker
    Mark J. Feldstein
    FINNEGAN, HENDERSON,
       FARABOW, GARRET
       & DUNNER LLP
    901 New York Avenue, N.W.
    Washington, DC 200001-4413
    (202) 408-4000

    Kenneth M. Frankel
    FINNEGAN, HENDERSON,
       FARABOW, GARRET
       & DUNNER LLP
    Two Freedom Square
    11955 Freedom Drive
    Suite 800
    Reston, VA 20190-5675
    (571) 203-2700

Dated:  March _____, 2006

SO ORDERED this _____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE

-15-

EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

INFINEUM INTERNATIONAL LTD. and
INFINEUM USA L.P.,

                      Plaintiffs,

          v.                                 C.A. No. 05-884 (JJF)

AFTON CHEMICAL CORP.,

                      Defendant.

       I hereby certify (i) my understanding that Discovery Material and/or Confidential and/or Confidential – Outside Counsels' Eyes Only Information are being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the United States District Court for the District of Delaware (the "District Court") in this Action, and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the District Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated: _____

Signature: _____

Name:    _____

Address: _____

             _____

             _____

## Frankel, Kenneth

| From: | Heitzmann, Colin |
|---|---|
| Sent: | Friday, May 19, 2006 12:59 PM |
| To: | Frankel, Kenneth |
| Subject: | 10061.8050 Additional Cases re: accessing confidential information |
| Attachments: | 132 F.R.D. 24 (Carpenter).pdf; 2005 WL 1801683 (Affymetrix).pdf |

Hi Ken,

I did more research into the issue of an in-house attorney's access to confidential material when it is claimed that they are the only one also able to run the litigation. I was not able to find any additional cases, aside from the 9th Circuit cases I cited on page 4 of the draft motion. I Shepardized each one and was not able to come up with anything. I also checked treatises and came up empty as far as Delaware cases. I was able to find two additional 3rd Circuit patent cases that deal with in-house counsel accessing confidential material under a protective order:

*Carpenter Technology Corp. v. Armco, Inc.*, 132 F.R.D. 24, 27 (E.D. Pa. 1990) ("[T]he fact that in-house counsel are bound by the rules of professional responsibility is insufficient alone to warrant granting access to confidential information of a competitor to in-house counsel." – granting access to one in-house counsel who stated in an affidavit that he was not involved in competitive decision making processes of the corporation and denying access to another in-house attorney because his vague testimony that he had "no direct responsibility or authority over competitive decisions" led the court to assume that he had at least some involvement

*Affymetrix, Inc. v. Illumina, Inc.*, No. Civ.A. 04-901-JJF, 2005 WL 1801683, *2 (D.Del. July 28, 2005) (granting access to plaintiff's in-house counsel who were prohibited from participating in competitive decision-making, including patent prosecution strategy; denying access to defendant's in-house counsel who was part of management team and is involved with settling patent litigation and licensing)

I am not sure if this is exactly what you are looking for, but I wanted to pass them along.

Colin

# EXHIBIT 5

## Frankel, Kenneth

| | |
|---|---|
| **From:** | Herman, Patrick [PHerman@kenyon.com] |
| **Sent:** | Wednesday, March 29, 2006 12:14 PM |
| **To:** | Bleeker, Ronald |
| **Cc:** | Frankel, Kenneth; Gardner, Elizabeth |
| **Subject:** | Proposed Edits to FHFGD DRAFT Protective Order.DOC |
| **Attachments:** | Proposed Edits to FHFGD DRAFT Protective Order.DOC |

Ron,

I have attached a red-lined version of the protective order indicating our proposed changes.

Regards,
Patrick Herman

**Patrick Herman**
**Kenyon & Kenyon LLP**
One Broadway | New York, NY 10004-1007
212.908.6450 Phone | 212.425.5288 Fax
pherman@kenyon.com | www.kenyon.com

This message, including any attachments, may contain confidential, attorney-client privileged, attorney work product, or business confidential information, and is only for the use of the intended recipient(s). Any review, use or distribution by others is prohibited. If you are not the intended recipient, please contact the sender and delete all copies.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

INFINEUM INTERNATIONAL LTD. and
INFINEUM USA L.P.,

                 Plaintiffs,

        v.                                     C.A. No. 05-884 (JJF)

AFTON CHEMICAL CORP.,

                 Defendant.

## STIPULATION AND PROTECTIVE ORDER

       Each of the parties to the above captioned action (the "Action") may seek discovery of

documents, information or other materials which may contain or relate to confidential,

proprietary or trade secret information of another party or of a non-party. Pursuant to Rule 26(c)

of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed between the parties,

through their respective counsel, and subject to the Court's approval, that the following

procedure will be used in this Action for the protection of the parties against the improper use or

disclosure of confidential information produced in discovery, filed with the Court, or adduced at

depositions, hearings, or at trial. In addition, the procedures of this Order will apply to any non-

party that produces information in response to discovery requests in this Action and agrees to be

bound under the terms of this Order.

       1.    "Confidential Information" shall mean and include any document (whether in

hard copy or computer readable form), thing, deposition testimony, interrogatory answers,

responses to requests for admissions and/or production, or other information provided in discovery in this Action ("Discovery Material"), which a party (or a non-party producing Discovery Material in response to discovery requests in this Action who agrees to be bound by the terms of this Order) designates as "Confidential" and which contains non-public, confidential or proprietary information, whether personal or business-related. Certain types of Confidential Information may be further designated, as defined and detailed below, as "Confidential – Outside Counsels' Eyes Only." The Confidential – Outside Counsels' Eyes Only designation shall be reserved for confidential information that constitutes, reflects, or concerns trade secrets, know how, or proprietary technical data, or business, financial or commercial information, the disclosure of which would be likely to cause harm to the business or competitive position of the party making the confidential designations on Discovery Material ("the Producing Party"). All such Confidential or Confidential – Outside Counsels' Eyes Only designations shall be made in good faith by the Producing Party and made at the time of disclosure, production, or tender to the party receiving the same ("Receiving Party").

      2.     The designation of Discovery Material in the form of documents, responses to admissions and interrogatories, or other tangible materials (including, without limitation, CD-ROMs, DVDs, and tapes) other than depositions or other pretrial testimony as Confidential or Confidential – Outside Counsels' Eyes Only shall be made by the Producing Party in the following manner:

      (a)     Documents designated Confidential shall be so marked by conspicuously affixing the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Such

-2-

designated Discovery Material shall, to the extent practical, be identified by production number. To the extent practical, the Confidential legend shall be placed near the production number

      (b)    Documents designated Confidential – Outside Counsels' Eyes Only shall be so marked by conspicuously affixing the legend "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Confidential – Outside Counsels' Eyes Only Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall, to the extent practical, be identified by production number. To the extent practical, the Confidential – Outside Counsels' Eyes Only legend shall be placed near the production number.

      (c)    If a document has more than one designation, the more restrictive or higher confidential designation applies.

    3.    "Confidential" and "Confidential – Outside Counsels' Eyes Only" Information shall not include any Discovery Materials which:

      (a)    Have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this Action, or in another litigation, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party may continue to use such documents in the course of its business subject to those agreements; or

      (b)    Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party or any of its authorized representatives or designees under this Protective Order. Nothing herein

-3-

shall impose any restriction on the use or disclosure by a party of its own documents or information.

4.    In the absence of written permission from the Producing Party or order of the Court, disclosure of Confidential and Confidential – Outside Counsels' Eyes Only Information shall be limited to the following "Qualified Persons" in this Action:

(a)    Young, Conaway, Stargatt & Taylor, LLP and Kenyon & Kenyon LLP, attorneys of record for plaintiffs Infineum International Ltd. and Infineum USA L.P., and their stenographic, clerical, paralegal, and other support employees whose duties and responsibilities require access to such materials;

(b)    Potter Anderson & Corroon LLP and Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, attorneys of record for defendant Afton Chemical Corp., and their stenographic, clerical, paralegal, and other support employees whose duties and responsibilities require access to such materials;

(c)    For each side, a total of ~~two~~three in-house counsel, whose names are listed below ~~-~~(as well as their secretaries, paralegals and other support personnel) and who ~~(i)~~have responsibility for maintaining, defending or evaluating this litigation~~;(ii) are not, directly or indirectly, involved in the preparation or prosecution of any patent applications relating to engine oil lubricants or additive packages for such lubricants; and (iii) agree in writing not to engage in the preparation or prosecution of patent applications relating to engine oil lubricants or additive packages for such lubricants for a period ending two (2) years from the date of termination of this Action~~, except that Confidential – Outside Counsels' Eyes Only information shall not be disclosed to any person described in this paragraph 4(c) without the express written consent of the Producing Party. For purposes of this paragraph, plaintiffs will be considered to be a single side/party.

-4-

The approved in-house counsel are as follows:

|  | **Plaintiffs** | **Defendant** |
|---|---|---|
| Name<br>Title |  |  |
| Name<br>Title |  |  |
| Name<br>Title |  |  |

Either party to this Action may substitute the in-house counsel of that party who are listed above with other in-house employees of that party for good cause, provided that (i) the total number of listed in-house counsel of that party does not exceed three~~two~~ at any time, and (ii) that the substitute in-house counsel meet the description and agree to the requirements set forth above in this section 4(c).

        (d)        Retained independent consultants, experts, or translators for plaintiffs or defendant (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation, or any direct competitor of any party to this litigation (and who have no current intention to become an employee of a party to this litigation or a competitor thereof) and who have complied with the following procedures:

        (i)        Before receiving any Confidential or Confidential – Outside Counsels' Eyes Only Information the individual shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the acknowledgment form attached hereto as Exhibit A, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order.

(ii)    The executed acknowledgment form along with the individual's curriculum vitae and an identification of any past or present employment or consulting relationship with any party or any related company must be provided to all other parties in this action at least seven (7) business days before any disclosure is made. If, within seven (7) days after receiving notice, any party objects to the disclosure of that party's Confidential or Confidential – Outside Counsels' Eyes Only information, stating with particularity in writing the basis for the objection, no disclosure of that party's Confidential or Confidential-Outside Counsel's Eyes Only information shall be made until the matter is resolved by the Court or upon agreement of the parties.

(e)    the authors, senders, addressees, and identified copy recipients of such Confidential or Confidential – Outside Counsels' Eyes Only Information and employees of the Producing Party;

(f)    The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to this Action; and

(g)    Outside document copying services (*e.g.*, Ikon, Xerox), and/or document coding, computerization, jury consultants, or other litigation support services (*e.g.*, Quorum/Lanier). For purposes of this paragraph 4(g), "document" refers to paper documents, video tapes, CD-ROMs, DVDs, computer discs, and other similar media.

(h)    In the event that counsel for a Receiving Party deems it necessary to disclose any information of a Producing Party that is designated as Confidential or Confidential - Outside Counsels' Eyes Only to any person not specified in subparagraphs (a) through (g) above, said counsel shall notify counsel for the Producing Party in writing of (i) the information or documents it wants to disclose, and (ii) the person or persons to whom it wants to make such

-6-

disclosure. If agreement cannot be reached between counsel, the Receiving Party that desires to make such disclosure may make an appropriate motion to the Court.

5.   Nothing in this Order shall preclude any party or its attorneys from:

(a)   showing a document designated as Confidential or Confidential – Outside Counsels' Eyes Only to an individual who, as indicated on the face of the document or established by other, prior evidence, either authored, sent, received, or was a designated copy recipient on the document;

(b)   using at a deposition of an officer, employee or expert of the Producing Party any document such Producing Party designated as Confidential or Confidential – Outside Counsels' Eyes Only, provided that only Qualified Persons are present while that document is being used at the deposition and that the relevant portion of the deposition transcript is placed under seal in accord with the provisions of paragraph 9 herein; or

(c)   disclosing or using, in any manner or for any purpose, any information or documents from the Producing Party's own files which the Producing Party has itself designated as Confidential or Confidential – Outside Counsels' Eyes Only.

6.   Confidential or Confidential – Outside Counsels' Eyes Only Information and the substance or content thereof, including any notes, memoranda or other similar documents relating thereto, shall be used by a Receiving Party and its authorized representatives or designees under this Protective Order solely for the purpose of this Action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than as permitted under this Protective Order.

7.   Any person in possession of Confidential or Confidential – Outside Counsels' Eyes Only Information shall exercise appropriate care with regard to the storage, custody or use of such Information in order to ensure that the confidential nature of the same is maintained.

-7-

8.    If Confidential or Confidential – Outside Counsels' Eyes Only Information is

disclosed to anyone other than in a manner authorized by this Protective Order, the party

responsible for such disclosure must immediately bring all pertinent facts relating to such

disclosure to the attention of the Producing Party of the Confidential or Confidential – Outside

Counsels' Eyes Only Information and make  all reasonable efforts to retrieve such Information

and to prevent further disclosure.

9.    Any deposition transcript containing Confidential or Confidential – Outside

Counsels' Eyes Only Information shall be marked on the cover as "CONFIDENTIAL

PURSUANT TO PROTECTIVE ORDER" or "CONFIDENTIAL – OUTSIDE COUNSELS'

EYES ONLY PURSUANT TO PROTECTIVE ORDER," as appropriate, and shall indicate as

appropriate within the transcript what information has been so designated. Whenever possible,

the stenographic reporter shall be requested prior to the deposition (where the attorneys have

reason to believe the testimony will contain Confidential or Confidential – Outside Counsels'

Eyes Only Information) or when the Confidential or Confidential – Outside Counsels' Eyes Only

Information is disclosed (when not previously anticipated) to separate those portions of the

transcript containing confidential information and separately bind  them (or, if in electronic form,

otherwise designate such portions as separate) from the non-confidential portions. However, a

party may designate any portion or all (if appropriate) of the transcript as containing Confidential

or Confidential – Outside Counsels' Eyes Only Information by so advising, with reasonable

precision as to the affected testimony, the deposition reporter, who shall accordingly indicate in

the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so

designated, or by so advising all other parties in writing, and with page and line designations,

within thirty (30) business days after receipt of the transcript.  Until thirty (30) business days

have passed after the receipt of any transcript, that entire transcript shall be deemed to be

Confidential – Outside Counsels' Eyes Only unless a prior confidentiality designation has been made. In the event of disagreement about the confidential status of a deposition transcript, it shall continue to be treated as Confidential or Confidential – Outside Counsels' Eyes Only, whichever protection is being sought, until this Court rules otherwise.

     10.    Nothing in this Order shall prevent a party from using any Confidential or Confidential Outside Counsels' Only Information in any pleading, motion, other written submission to the Court, or hearing under the following conditions: Any paper or other document filed in this Action which contains or discloses Confidential or Confidential – Outside Counsels' Eyes Only Information shall be filed under seal and shall be maintained under seal according to the terms of this Protective Order or as otherwise determined by the Court. When filing papers which contain Confidential or Confidential – Outside Counsels' Eyes Only Information, the party so filing shall designate the following on the first page of the filed documents: "UNDER SEAL - SUBJECT TO PROTECTIVE ORDER - CONTAINS CONFIDENTIAL OR CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY MATERIAL" and shall otherwise comply with the Court's order on the subject. The party submitting such information shall request that the portion of the proceeding where use is made of such documents be in camera or otherwise subject to such procedures as the parties and the Court may agree to preserve the confidentiality of the information contained therein.

     11.    Entering into, agreeing to and/or producing or receiving Confidential or Confidential – Outside Counsels' Eyes Only Information, or otherwise complying with the terms of this Protective Order shall not:

         (a)    Operate as an admission by any party that any Discovery Material designated as Confidential or Confidential – Outside Counsels' Eyes Only contains or reflects

trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

(b)    Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Confidential – Outside Counsels' Eyes Only" Information;

(c)    Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

(d)    Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential or Confidential – Outside Counsels' Eyes Only Information should be subject to the terms of this Protective Order;

(e)    Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential or Confidential – Outside Counsels' Eyes Only Information;

(f)    Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential or Confidential – Outside Counsels' Eyes Only Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

(g)    Prevent any Producing Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material designated as Confidential or Confidential – Outside Counsels' Eyes Only Information by that party.

12.    The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as Confidential or Confidential – Outside Counsels' Eyes Only Information, to challenge or object to the Confidential or Confidential – Outside Counsels' Eyes Only designations shall not be deemed a waiver of its right to challenge or object to such designations at any later time. Any party may at any time challenge the designation of any Discovery Materials as Confidential or Confidential – Outside Counsels' Eyes Only and may request permission to use or disclose information with Confidential or Confidential – Outside Counsels' Eyes Only designations other than as permitted, pursuant to this paragraph by serving (by facsimile transmission) a written request upon counsel for the Producing Party at least ten (10) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date the facsimile is transmitted. Such request shall specifically identify the Confidential or Confidential – Outside Counsels' Eyes Only Information, including production numbers, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made. The Producing Party shall thereafter respond to the request in writing within ten (10) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

13.    Notwithstanding any default provisions of this Protective Order providing for confidential treatment, in the event of disagreement, the party asserting confidentiality shall have the burden of proving that the information at issue is entitled to the protection of this Protective Order.

-11-

14.    All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received information under this Protective Order, after the conclusion of this action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing.

15.    Any and all originals and copies of Discovery Materials designated Confidential or "Confidential – Outside Counsels' Eyes Only," shall, at the request of the Producing Party, be returned to that party within sixty (60) days after a final judgment herein, the mandate has issued in the case of an appeal, or settlement of this Action, or, at the option of the Producing Party, destroyed in that time frame, and any analyses, memoranda, or notes which were internally generated by the Receiving Party based upon such inadvertently-produced information shall be promptly destroyed by the Receiving Party, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include Confidential or Confidential – Outside Counsels' Eyes Only Information. In the event that outside counsel maintains such documents, it shall not disclose material containing any type of Confidential or Confidential – Outside Counsels' Eyes Only Information to another person  absent subpoena or court order. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Producing Party of the subpoena so that the latter may protect its interests. In the event that documents are returned to or destroyed at the request of the Producing Party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

16.    The inadvertent production in discovery of any Confidential or Confidential – Outside Counsels' Eyes Only information, without such designation  at the time of the

-12-

production, shall not be deemed a waiver in whole or in part of the Producing Party's claim of

confidentiality, either as to the specific information disclosed or as to any other information

relating to the same or related subject matter, provided the Producing Party promptly upon

discovery of the inadvertent disclosure notifies the Receiving Party in writing that the

information is Confidential or Confidential – Outside Counsels' Eyes Only. Such notification

shall constitute a designation of the information as Confidential or Confidential – Outside

Counsels' Eyes Only, and therefore subject it to the provisions of this Order. Disclosure of

inadvertently disclosed Confidential or Confidential – Outside Counsels' Eyes Only information

prior to receipt of such notice shall not be deemed a violation of this Order. However, those

persons to whom disclosure was made are to be advised that the information is Confidential or

Confidential – Outside Counsels' Eyes Only and must be treated in accordance with this Order

and wherever possible any document embodying such Confidential or Confidential – Outside

Counsels' Eyes Only information shall be marked "Confidential" or "Confidential – Outside

Counsels' Eyes Only."

      17.     The inadvertent production in discovery of any privileged or otherwise protected

or exempted information, shall not be deemed a waiver or impairment of any claim of privilege

or protection, including but not limited to the attorney-client privilege and the protection

afforded to work-product materials or the subject matter thereof, provided that the Producing

Party shall immediately notify the Receiving Party in writing when inadvertent production is

discovered. Upon receiving written notice from the Producing Party that privileged information

or work-product material has been inadvertently produced, all such information, and all copies

thereof, shall immediately be returned by the Receiving Party to the Producing Party and the

Receiving Party and its counsel shall not use such information for any purpose absent agreement

by the Producing Party or an order from the Court determining its disposition. If the parties

disagree about the disposition of such material after conferring in good faith, then either side

may move the Court for a resolution of the dispute. Any analyses, memoranda or notes which

were internally generated by the Receiving Party based upon such inadvertently-produced

information shall immediately be gathered by counsel for the Receiving Party and not used for

any purpose absent agreement by the Producing Party or an order from the Court determining its

disposition.

18.    If Confidential or Confidential -- Outside Counsels' Eyes Only Information is the

subject of a confidentiality obligation by the Producing Party to a non-party, the Producing Party

shall identify the information with sufficient particularity so as to enable the Receiving Party to

understand the general subject of such information. If the non-party refuses a request from the

Producing Party to consent to production of the information, the Receiving Party may request an

Order from the Court with regard to the terms on which the information may be made available

to the Receiving Party.

19.    Any violation of the terms of this Protective Order shall be punishable by such

relief as deemed appropriate by the Court.

20.    Until such time as this Protective Order has been entered by the Court, the parties

agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

21.    Non- parties who produce information in this Action may avail themselves of the

provisions of this Protective Order and Discovery Material produced by non-parties shall be

treated by the parties in conformance with this Protective Order. If any Confidential or

Confidential – Outside Counsels' Eyes Only Information is produced by a non-party to this

Action, such non-party shall be considered a Producing Party within the meaning of that term as

it is used in the context of this Order, and the parties to this Order shall be treated as Receiving

Parties. Nothing in this paragraph shall permit a party to designate as Confidential or

-14-

Confidential – Outside Counsels' Eyes Only any information produced by a non-party that such non-party did not itself designate as Confidential or Confidential – Outside Counsels' Eyes Only.

22.    This Order is without prejudice to the right of any party to seek relief from the Court upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced.

23.    The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

AGREED:

<div style="display:flex">

YOUNG, CONAWAY,
STARGATT & TAYLOR, LLP

     John W. Shaw (ID #3362)
     The Brandywine Building
     1000 West St.
     Wilmington, Delaware 19801
     (302) 571-6672

     *Attorneys for Plaintiffs*
     *Infineum International Ltd. and*
     *Infineum USA L.P.*

     Of Counsel:
     Richard L. DeLucia
     Elizabeth A. Gardner
     KENYON & KENYON LLP
     One Broadway
     New York, New York 10004-1050
     (212) 425-7200

</div>

POTTER ANDERSON &
CORROON LLP

Richard L Horwitz (#2246)
Kenneth L. Dorsney (#3726)
Hercules Plaza, 6th Floor
1313 N. Market Street
P.O. Box 951
Wilmington, DE 19899
(302) 984-6000

     *Attorney for Defendant Afton*
     *Chemical Corp.*

     Of Counsel:
     Ford F. Farabow, Jr.
     Ronald A. Bleeker
     Mark J. Feldstein
     FINNEGAN, HENDERSON,
         FARABOW, GARRET
         & DUNNER LLP
     901 New York Avenue, N.W.
     Washington, DC 200001-4413
     (202) 408-4000

     Kenneth M. Frankel
     FINNEGAN, HENDERSON,
         FARABOW, GARRET
         & DUNNER LLP
     Two Freedom Square
     11955 Freedom Drive
     Suite 800
     Reston, VA 20190-5675
     (571) 203-2700

Dated: March ____, 2006

SO ORDERED this _____ day of _____, 2006.

_____
UNITED STATES DISTRICT JUDGE

-16-

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

INFINEUM INTERNATIONAL LTD. and
INFINEUM USA L.P.,

        Plaintiffs,

    v.

AFTON CHEMICAL CORP.,

        Defendant.

C.A. No. 05-884 (JJF)

I hereby certify (i) my understanding that Discovery Material and/or Confidential and/or Confidential – Outside Counsels' Eyes Only Information are being provided to me pursuant to the terms and restrictions of the Protective Order (the "Order") entered by the United States District Court for the District of Delaware (the "District Court") in this Action, and (ii) that I have read the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I hereby submit to the jurisdiction of the District Court for purposes of enforcement of the Order. I understand that violation of the Order may be punishable by contempt of Court.

Dated: _____

Signature: _____
Name: _____
Address: _____
_____
_____

# EXHIBIT 6



FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Two Freedom Square ▪ 11955 Freedom Drive ▪ Reston, VA  20190-5675 ▪ 571.203.2700 ▪ Fax 202.408.4400
www.finnegan.com

KENNETH M. FRANKEL
571.203.27800
kenneth.frankel@finnegan.com

April 3, 2006

Elizabeth A. Gardner, Esq.
Kenyon & Kenyon LLP
One Broadway
New York, NY 10004-1007

**Via Electronic Mail**
**Confirmation by U.S. Mail**

Re:    *Infineum v. Afton*, Civ. A. No. 05-884 (D. Del.)

Dear Elizabeth:

Afton appreciates Infineum's cooperation in agreeing to most of Afton's proposed revisions to the draft Protective Order, as set forth in Patrick Herman's e-mail of March 29, 2006. Afton has concluded, however, that it cannot agree to the disclosure of Afton's confidential information to Infineum's in-house patent counsel under draft paragraph 4(c), and that the two-tier system that Infineum proposed to deal with this issue would be burdensome and unworkable as a practical matter.

As Infineum undoubtedly understands, since Afton and Infineum are competitors, it would create an unacceptable risk of inadvertent disclosure or misuse of confidential information if Afton were to allow Infineum's patent counsel to have access to Afton's confidential research, technical, and proprietary information. *See Commissariat a L'Energie Atomique v. Dell Computer Corp.*, 2004 U.S. Dist. LEXIS 12782, *7-*11 (D. Del., May 25, 2004). As discussed in our telephone conference last week on this issue, it was for exactly this reason that Afton did not intend to include its own in-house patent counsel as a Qualified Person under paragraph 4(c) of the protective order. In addition, including Infineum's in house patent counsel Mr. Levine as a Qualified Person under paragraph 4(c) would be particularly inappropriate, in view of the fact that Mr. Levine is a likely fact witness. Indeed, Infineum identified him as having knowledge of the prosecution of the patent in suit (see Infineum's Rule 26 (a) Statement; Infineum's response to Afton's Interrogatory No. 7).

In our telephone conference, you proposed to address this issue by including all technical information under the higher level "Outside Counsels' Eyes Only" designation. However, that is not a workable solution, since it would result in almost all the documents in the case being placed in that designation. That would have the effect of depriving both parties' in-house counsel who are not involved in patent prosecution from access to important information regarding this case.

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

Elizabeth A. Gardner, Esq
April 3, 2006
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

    For these reasons, Afton asks Infineum to reconsider Afton's proposal to limit the
definition of Qualified Persons in paragraph 4(c) to in-house counsel who are not engaged in
patent prosecution in this technical area, or who would agree not to be involved in such
prosecution for a set period of time.

    Please let me have your prompt response, so that we can resolve this remaining issue and
finalize a proposed protective order for submission to the Court.

                                    Sincerely,

                                    Kenneth M. Frankel

# EXHIBIT 7



**KENYON & KENYON**
LLP
Intellectual Property Law

Elizabeth Gardner
Direct 212.908.6237
egardner@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

April 7, 2006

**By Email and U.S. Mail**

Kenneth M. Frankel, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

Re:   *Infineum v. Afton Chemical (05-cv-884-JJF)*

Dear Ken:

        I write in response to your April 3, 2006 letter regarding our efforts to negotiate the terms of a joint stipulated protective order. Unfortunately, Infineum cannot agree to Afton's most recent proposal. As I have explained, in addition to being our legal contact person at Infineum, Jacob Levine is Infineum's only U.S. patent counsel. Infineum simply does not have any other in-house counsel who can fully monitor and evaluate the progression of the present litigation.

        By applying low levels of confidentiality to the majority of production documents and prohibiting in-house counsel who engage in patent prosecution, like Mr. Levine, from accessing confidential materials, your proposed order deprives Infineum of meaningful access to essentially every produced document, expert reports, and presumably many motions and filings. This would make it next to impossible for Infineum to properly evaluate the progression of the litigation and would seriously impede our ability to communicate with our client. Moreover, in contrast to its severe impact on Infineum, your proposed order provides Afton in-house counsel with an almost unrestricted ability to review confidential Infineum documents. Such a disparate impact is simply not practical.

        Infineum believes that its proposed protective order is more workable and appropriate. Infineum's proposal, unlike Afton's, provides in-house counsel on both sides with equal access to confidential materials rather than depriving one party of access while providing the other with extensive review privileges. Further, labeling trade secret, know how, or proprietary technical data as "Confidential – Outside Counsels' Eyes Only" will eliminate the possibility that such information will be inadvertently disclosed to or used by Mr. Levine, as only outside counsel

Kenneth M. Frankel, Esq.
April 7, 2006
Page 2



will have access.

While Infineum recognizes that its proposed protective order will result in less materials being available to in-house counsel, Infineum considers its technical development documents to be highly sensitive anyway and believes that such documents and information should be subject to at least the same level of protections that apply to financial data and business information. Further, it is not entirely clear why Afton's in-house counsel need access to Infineum's proprietary technical development documents in order to properly evaluate the progression of the litigation.

In light of the above, we ask that you reconsider your position so the parties can avoid judicial intervention.


Regards,

Elizabeth Gardner

# EXHIBIT 8



FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Two Freedom Square ▪ 11955 Freedom Drive ▪ Reston, VA 20190-5675 ▪ 571 203.2700 ▪ Fax 202.408.4400
www.finnegan.com

KENNETH M. FRANKEL
571.203 2780
kenneth.frankel@finnegan.com

April 11, 2006

Elizabeth A. Gardner, Esq.                                    **Via Electronic Mail**
Kenyon & Kenyon LLP                                  **Confirmation by U.S. Mail**
One Broadway
New York, NY 10004-1007

Re:    *Infineum v. Afton*, Civ. A. No. 05-884 (D. Del.)

Dear Elizabeth:

This letter responds to your April 7, 2006 letter regarding the terms of a protective order.

Afton appreciates that Mr. Levine has been your legal contact at Infineum U.S. The problem, however, is not only that Mr. Levine is the attorney who prosecuted the patent in suit, but also that he continues to remain involved in Infineum's patent prosecution with regard to lubricants and lubricant additives, a technical area in which Afton and Infineum compete. Under these circumstances, Afton is willing to agree to Mr. Levine's access to Afton's confidential information only if Mr. Levine agrees not to be involved in patent prosecution in this technical area during this litigation and for an agreed period of time after the conclusion of this litigation, including appeals. Precedent in Delaware, such as that which Afton previously cited, has recognized the problem of disclosure of confidential information to a competitor's in-house patent attorney and found this type of restriction to be reasonable in such circumstances.

Your letter states that Mr. Levine is Infineum's only U.S. patent counsel. Afton understands that Infineum has other in-house U.S. counsel, as well. In addition, Afton believes that Infineum employs both patent and non-patent in-house counsel in the U.K. Afton intends to exclude its in-house patent counsel from access to Infineum's confidential information, and to include under the protective order only Afton's in-house counsel who are not responsible for its patent prosecution. Infineum can do the same.

Afton believes that this matter can be readily resolved if either (a) Infineum is willing to designate under the protective order one or more of its other in-house counsel who are not involved in patent prosecution in this technical area, or (b) Mr. Levine agrees not to prosecute patents in this area during this litigation and for an agreed period of time after the conclusion of this litigation, including appeals.

Elizabeth Gardner, Esq.
April 11, 2006
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

Afton has considered your comment that both sides' in-house counsel have equal access to the confidential information. Afton concurs in principle, but cannot accept the risk of inadvertent disclosure or misuse of its confidential information that could arise from disclosure of such information to a competitor's in-house patent counsel who is actively involved in patent prosecution in the same technical area.

Afton has also considered your proposal that all trade secret, know how, and proprietary technical information fall under the higher level "Outside Counsel Eyes' Only" category, thereby preventing both sides' in-house counsel from seeing that information. That would result, however, in almost all information and documents in the case being put in this category, and thus would deprive both sides' in-house counsel from being able to monitor and evaluate potentially important information. If Mr. Levine were Infineum's designee, he would not be able to see much of the information that in-house counsel should reasonably see in order to fully evaluate this litigation—and Afton's in-house counsel would be in the same position—thus frustrating the intent of the two-tiered protective order you initially proposed.

Accordingly, Afton requests that Infineum reconsider its position and the two alternatives suggested in this letter. Either of those solutions would be acceptable to Afton and would enable us to submit a proposed Protective Order.

Sincerely,

Kenneth M. Frankel

KMF/yec

78559-1

# EXHIBIT 9



Two Freedom Square ▪ 11955 Freedom Drive ▪ Reston, VA 20190-5675 ▪ 571.203.2700 ▪ Fax 202.408.4400
www.finnegan.com

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

KENNETH M. FRANKEL
571.203.2780
kenneth.frankel@finnegan.com

April 26, 2006

Elizabeth A. Gardner, Esq.                                    **Via Electronic Mail**
Kenyon & Kenyon LLP                                    **Confirmation by U.S. Mail**
One Broadway
New York, NY 10004-1007

                Re:    *Infineum v. Afton*, Civ. A. No. 05-884 (D. Del.)

Dear Elizabeth:

        This letter follows up on our telephone conversation last week concerning the proposed
protective order. The parties appear to agree on all issues concerning this proposed order except
for Infineum's request that its in-house patent counsel, Mr. Levine, should be entitled to see
Afton's confidential information.

        In view of the fact that Infineum and Afton are direct competitors, Afton continues to
believe that it would be inappropriate for Mr. Levine to have such access while he
simultaneously directs and prosecutes Infineum's patent portfolio in the technology areas in
which Infineum and Afton compete. Afton previously cited precedent from the Delaware
District Court that recognized the inherent conflict in this situation and refused to permit such
access unless the in-house counsel agreed not to engage in prosecution in the same field for a
specified period of time. In accordance with such precedent, Afton offered to give Mr. Levine
access if he would agree to a restriction of this type, but Infineum indicated that this is not
acceptable. Afton also suggested that there may be other in-house patent counsel employed by
either of the two Infineum companies who would not have a direct conflict of this type, but
Infineum advised Afton that only Mr. Levine will do.

        Infineum most recently suggested that the parties create a third category of confidential
information that would be applied by Afton in its production to any documents that Afton may
agree would be accessible to Mr. Levine. Afton cannot accept this proposal, because it would be
extremely burdensome for Afton and would tend to significantly delay production of discovery.
In a further attempt to accommodate Infineum's concerns, however, I am enclosing a revised
proposed protective order that would provide a mechanism by which specific Afton confidential
information could be considered for disclosure to Mr. Levine. I also am enclosing a red-lined
courtesy version showing changes from the last draft that Infineum sent to Afton.

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

Elizabeth A. Gardner, Esq.
April 26, 2006
Page 2

The proposed mechanism would give Infineum the right to identify specific Afton confidential documents or information that Infineum would like to disclose to Mr. Levine. Afton would then consider whether to consent to such disclosure. If Afton agrees, then Infineum may disclose the documents or information to Mr. Levine in accordance with the terms of the Protective Order. If the parties do not agree, however, Infineum may apply to the Court for relief.

This mechanism would allow the parties to focus their time and efforts only on the presumably small fraction of Afton's confidential information that Infineum feels it needs to disclose to Mr. Levine. It would not require that Afton review and consider every confidential document or item of information that Afton produces in this litigation to determine whether it contains sensitive information that should not be disclosed to a person in Mr. Levine's position. In contrast, under Infineum's most recent proposal, Afton would need to expend that substantial time, effort, and cost for every document to be produced, regardless of whether Infineum actually wants to show the document or information to Mr. Levine.

Please let me know whether Afton's revised proposal is acceptable to Infineum.

Sincerely,

Kenneth M. Frankel

KMF/yec

Enclosures

# EXHIBIT 10



Elizabeth Gardner
Direct 212.908.6237
egardner@kenyon.com

One Broadway
New York, NY 10004-1007
212.425.7200
Fax 212.425.5288

May 11, 2006

**By Email and U.S. Mail**

Kenneth M. Frankel, Esq.
Finnegan, Henderson, Farabow, Garrett & Dunner LLP
Two Freedom Square
11955 Freedom Drive
Reston, VA 20190-5675

      Re:  *Infineum v. Afton Chemical (05-cv-884-JJF)*

Dear Ken:

      I write regarding the proposed protective order discussed in your April 26, 2006 letter. While it appears that we agree that a two tier protective order is appropriate (with material designated either as "Confidential" or "Confidential – Outside Counsels' Eyes Only") we have been unable to reach agreement regarding what types of materials should be classified as "Confidential – Outside Counsels' Eyes Only" and which in-house counsel may view an opposing party's "Confidential" information. Your most recent proposal generally prohibits in-house counsel who engages in patent prosecution, like Infineum's Jacob Levine, from viewing confidential information. You propose, however, that exceptions to this patent prosecution counsel disclosure prohibition can be made on a document-by-document basis. Unfortunately Infineum cannot agree to this proposal.

      As an initial matter, your suggestion that Infineum identify documents and request Afton's permission before disclosure to Mr. Levine is not only extremely burdensome, it also invades the protections afforded to Infineum by the attorney client privilege and the work product doctrine. If Infineum is forced to identify particular documents for disclosure, Afton will be made aware of the documents, and by association, the general issues, that Infineum's outside counsel chooses to discuss with Mr. Levine. This invasion alone renders your proposal unworkable.

Kenneth M. Frankel, Esq.
May 11, 2006
Page 2



Moreover, your proposal still denies Mr. Levine, and thus Infineum, of timely and meaningful access to the large majority of Afton's production. We would like to reemphasize that Mr. Levine is the only Infineum counsel capable of tracking the present litigation and communicating with outside counsel on a day-to-day basis. Contrary to your assertion in your April 26th letter that "there may be other in-house patent counsel employed by either of the two Infineum companies" who can be designated to view Afton confidential information, Mr. Levine is the only U.S. patent counsel employed by either Infineum USA or Infineum International and the only patent counsel employed by Infineum in the United States. Further, this is not simply a case where Infineum can substitute an in-house litigation counsel for Mr. Levine as neither Infineum U.S.A. nor Infineum International employs such an individual.

Mr. Levine's exclusive status and the relative small number of attorneys employed by Infineum distinguishes Infineum's situation from that of the companies discussed in the Delaware cases referenced in your previous letters. Those companies appeared to have other options, Infineum simply does not. Mr. Levine is the only Infineum counsel who can track the present litigation and communicate with outside counsel in an informed and effective manner.

In light of the above, Infineum asks that Afton reconsider Infineum's most recent proposed protective order (which I have reattached to this letter). As we have discussed, this proposed order permits both parties to designate proprietary technical information as "Confidential – Outside Counsels' Eyes Only" thus obviating any concerns regarding access to technical information by prosecution counsel. Further, Infineum's proposal provides both Afton and Infineum with meaningful and balanced access to each other's confidential information instead of largely depriving Infineum's outside counsel of the ability to submit briefing for review, discuss depositions, expert reports, and strategy, and generally communicate with in-house counsel while imposing no such restrictions on Afton.

As we have already agreed that a two tier protective order is appropriate in this case, Infineum's proposed order will not shoulder Afton with any significant burdens. Afton will presumably be maintaining its financial information as "Confidential – Outside Counsels' Eyes Only" regardless of which version of the protective order is adopted. It will not require substantially more effort to label proprietary technical information in the same manner. As a final note, the two tier approach proposed by Infineum is not only consistent with the numerous protective orders I have personally encountered in patent cases, but also with those entered by the Delaware district court. In line with this, Delaware case law has recognized that technical information should be afforded high levels of protection in patent cases.

If, upon reflection, Infineum's proposal is still unacceptable to Afton, I suggest that we submit the issue to Judge Farnan for resolution using the procedure outlined by Fed. R. Civ. P. 37 and Local Rule 37.1. Under this procedure, each party can submit a four page letter to the Court outlining its position. Hopefully, this procedure, which does not require extensive briefing, will permit the present dispute to be expeditiously resolved and should not subject the court to any significant burden.

Kenneth M. Frankel, Esq.
May 11, 2006
Page 3



Please contact me at your earliest convenience so that we can either finalize the protective order or coordinate the submission of this protective order dispute to the Court, if necessary.

Sincerely,

Elizabeth Gardner

# EXHIBIT 11



**FINNEGAN**
**HENDERSON**
**FARABOW**
**GARRETT &**
**DUNNER**LLP

Two Freedom Square ▪ 11955 Freedom Drive ▪ Reston, VA 20190-5675 ▪ 571.203.2700 ▪ Fax 202.408.4400
www.finnegan.com

KENNETH M. FRANKEL
571 203 2780
kenneth.frankel@finnegan.com

May 18, 2006

Elizabeth A. Gardner, Esq.                              **Via Electronic Mail**
Kenyon & Kenyon LLP                                **Confirmation by U.S. Mail**
One Broadway
New York, NY 10004-1007

Re:     *Infineum v. Afton*, Civ. A. No. 05-884 (D. Del.)

Dear Elizabeth:

Afton has given careful consideration to your letter of May 11, 2006 concerning the protective order in this case, in which Infineum again proposes that its patent counsel, Mr. Levine, be permitted to have access to Afton's Confidential Information. Afton has concluded, however, that it cannot agree to Infineum's proposal so long as Mr. Levine simultaneously continues to actively direct Infineum's U.S. patent prosecution.

As you know, Afton has previously offered to accommodate Infineum's issue regarding in-house counsel by suggesting that either (1) Infineum use other in-house counsel who are not engaged in patent prosecution, or (2) Mr. Levine agree not to engage in patent prosecution in this area for a stated time period. Infineum has declined to accept either of these alternatives, but has instead suggested that Afton avail itself of the more restrictive "Outside Counsels' Eyes Only" classification. Afton does not believe that this approach adequately protects its information, since future disputes about whether particular Afton information has been properly placed in the more restrictive category could result in that information being moved to the less restrictive category, in which case it would automatically become available to Mr. Levine.

In addition, given the statement in your letter that Mr. Levine is "the only Infineum counsel capable of tracking the present litigation and communicating with outside counsel on a day-to-day basis," Afton does not see why Infineum is seeking to have three of its in-house counsel on the protective order. As I have advised you, Afton only intends to put two of its in-house counsel on the protective order, neither of whom is a patent lawyer. Afton therefore requests that the number of in-house counsel for each side be limited to two individuals.

Afton is concerned that the continuing absence of a protective order in this case will complicate the document production, which needs to begin soon. Please let me know Infineum's position with regard to the two protective order points still in dispute no later than the close of

Washington, DC ▪ Atlanta, GA ▪ Cambridge, MA ▪ Palo Alto, CA ▪ Reston, VA ▪ Brussels ▪ Taipei ▪ Tokyo

Elizabeth A. Gardner, Esq.
May 18, 2006
Page 2

FINNEGAN
HENDERSON
FARABOW
GARRETT &
DUNNER LLP

business on May 22. If the parties cannot reach agreement on these issues, then Afton is agreeable to the expedited procedure proposed in your letter for obtaining resolution from the Court.

Sincerely,

*Kenneth M. Frankel / yec*

Kenneth M. Frankel

KMF/yec