# EXHIBIT A

Afton Attachment A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INFINEUM INTERNATIONAL LTD. and INFINEUM USA L.P., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C. A. No. 05-884 (JJF) |
| AFTON CHEMICAL CORP., | ) ) ) | |
| Defendant. | ) | |

### PROTECTIVE ORDER

Each of the parties to the above captioned action (the "Action") may seek discovery of documents, information or other materials which may contain or relate to confidential, proprietary or trade secret information of another party or of a non-party. Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby stipulated and agreed between the parties, through their respective counsel, and subject to the Court's approval, that the following procedure will be used in this Action for the protection of the parties against the improper use or disclosure of confidential information produced in discovery, filed with the Court, or adduced at depositions, hearings, or at trial. In addition, the procedures of this Order will apply to any non-party that produces information in response to discovery requests in this Action and agrees to be bound under the terms of this Order.

1.    "Confidential Information" shall mean and include any document (whether in hard copy or computer readable form), thing, deposition testimony, interrogatory answers, responses to requests for admissions and/or production, or other information provided in discovery in this Action ("Discovery Material"), which a party (or a non-party producing Discovery Material in response to discovery requests in this Action who agrees to be bound by the terms of this Order) designates as "Confidential" and which contains non-public, confidential or proprietary information, whether personal or business-related. Certain types of Confidential

Information may be further designated, as defined and detailed below, as "Confidential – Outside Counsels' Eyes Only." The Confidential – Outside Counsels' Eyes Only designation shall be reserved for confidential information that constitutes, reflects, or concerns trade secrets, know how, or proprietary technical data, or business, financial or commercial information, the disclosure of which would be likely to cause harm to the business or competitive position of the party making the confidential designations on Discovery Material ("the Producing Party"). All such Confidential or Confidential – Outside Counsels' Eyes Only designations shall be made in good faith by the Producing Party and made at the time of disclosure, production, or tender to the party receiving the same ("Receiving Party").

      2.      The designation of Discovery Material in the form of documents, responses to admissions and interrogatories, or other tangible materials (including, without limitation, CD-ROMs, DVDs, and tapes) other than depositions or other pretrial testimony as Confidential or Confidential – Outside Counsels' Eyes Only shall be made by the Producing Party in the following manner:

      (a)      Documents designated Confidential shall be so marked by conspicuously affixing the legend "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Confidential Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall, to the extent practical, be identified by production number. To the extent practical, the Confidential legend shall be placed near the production number

      (b)      Documents designated Confidential – Outside Counsels' Eyes Only shall be so marked by conspicuously affixing the legend "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY PURSUANT TO PROTECTIVE ORDER" or similar designation on each page containing any Confidential – Outside Counsels' Eyes Only Information (or in the case of computer medium on the medium and its label and/or cover) to which the designation applies. Such designated Discovery Material shall, to the extent practical, be identified by production

2

number. To the extent practical, the Confidential – Outside Counsels' Eyes Only legend shall be placed near the production number.

(c)    If a document has more than one designation, the more restrictive or higher confidential designation applies.

3.    "Confidential" and "Confidential – Outside Counsels' Eyes Only" Information shall not include any Discovery Materials which:

(a)    Have been or become lawfully in the possession of the Receiving Party through communications other than production or disclosure in this Action, or in another litigation, for example, as a result of legitimate business dealings between the parties, unless those documents are covered by a separate non-disclosure or confidentiality agreement, in which case the Receiving Party may continue to use such documents in the course of its business subject to those agreements; or

(b)    Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of the Receiving Party or any of its authorized representatives or designees under this Protective Order. Nothing herein shall impose any restriction on the use or disclosure by a party of its own documents or information.

4.    In the absence of written permission from the Producing Party or order of the Court, disclosure of Confidential and Confidential – Outside Counsels' Eyes Only Information shall be limited to the following "Qualified Persons" in this Action:

(a)    Young, Conaway, Stargatt & Taylor, LLP and Kenyon & Kenyon LLP, attorneys of record for plaintiffs Infineum International Ltd. and Infineum USA L.P., and their stenographic, clerical, paralegal, and other support employees whose duties and responsibilities require access to such materials;

(b)    Potter Anderson & Corroon LLP and Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, attorneys of record for defendant Afton Chemical Corp., and their

3

stenographic, clerical, paralegal, and other support employees whose duties and responsibilities require access to such materials;

        (c)    For each side, a total of three in-house counsel, whose names are listed below (as well as their secretaries, paralegals and other support personnel) who: (i) have responsibility for maintaining, defending or evaluating this litigation; (ii) are not, directly or indirectly, involved in the preparation or prosecution of any patent applications relating to engine oil lubricants or additive packages for such lubricants; and (iii) agree in writing not to engage in the preparation or prosecution of patent applications relating to engine oil lubricants or additive packages for such lubricants for a period ending two (2) years from the date of termination of this Action; except that Confidential – Outside Counsels' Eyes Only information shall not be disclosed to any person described in this paragraph 4(c) without the express written consent of the Producing Party. For purposes of this paragraph, plaintiffs will be considered to be a single side/party.

        The approved in-house counsel are as follows:

| | Plaintiffs | Defendant |
|---|---|---|
| Name<br>Title | Stewart McCallum<br>Vice President and<br>General Counsel<br>Infineum International Ltd. | Steven M. Edmonds<br>Vice President and<br>General Counsel<br>NewMarket Services Corp. |
| Name<br>Title | | Ann T. Burks<br>Assistant Counsel<br>NewMarket Services Corp. |
| Name<br>Title | | |

        Either party to this Action may substitute the in-house counsel of that party who are listed above with other in-house employees of that party for good cause, provided that (i) the total number of listed in-house counsel of that party does not exceed three at any time, and (ii) that the substitute in-house counsel meet the description and agree to the requirements set forth above in this section 4(c).

Retained independent consultants, experts, or translators for plaintiffs or defendant (as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials) who are not current employees of any party to this litigation, or any direct competitor of any party to this litigation (and who have no current intention to become an employee of a party to this litigation or a competitor thereof) and who have complied with the following procedures:

(i)     Before receiving any Confidential or Confidential – Outside Counsels' Eyes Only Information the individual shall be furnished with a copy of this Protective Order and shall acknowledge, by executing the acknowledgment form attached hereto as Exhibit A, that he or she has read this Protective Order, understands it, and agrees to be bound by it, and also expressly consents to the jurisdiction of this Court in connection with any proceeding or hearing relating to the enforcement of this Protective Order.

(ii)    The executed acknowledgment form along with the individual's curriculum vitae and an identification of any past or present employment or consulting relationship with any party or any related company must be provided to all other parties in this action at least seven (7) business days before any disclosure is made. If, within seven (7) days after receiving notice, any party objects to the disclosure of that party's Confidential or Confidential – Outside Counsels' Eyes Only information, stating with particularity in writing the basis for the objection, no disclosure of that party's Confidential or Confidential-Outside Counsel's Eyes Only information shall be made until the matter is resolved by the Court or upon agreement of the parties.

(d)     the authors, senders, addressees, and identified copy recipients of such Confidential or Confidential – Outside Counsels' Eyes Only Information and employees of the Producing Party;

(e)     The Court, Court personnel and stenographic and video reporters engaged in proceedings incident to this Action; and

5

(f)    Outside document copying services (*e.g.*, Ikon, Xerox), and/or document coding, computerization, jury consultants, or other litigation support services (*e.g.*, Quorum/Lanier). For purposes of this paragraph 4(g), "document" refers to paper documents, video tapes, CD-ROMs, DVDs, computer discs, and other similar media.

(g)    In the event that counsel for a Receiving Party deems it necessary to disclose any information of a Producing Party that is designated as Confidential or Confidential - Outside Counsels' Eyes Only to any person not specified in subparagraphs (a) through (g) above, said counsel shall notify counsel for the Producing Party in writing of (i) the information or documents it wants to disclose, and (ii) the person or persons to whom it wants to make such disclosure. If agreement cannot be reached between counsel, the Receiving Party that desires to make such disclosure may make an appropriate motion to the Court.

5.    Nothing in this Order shall preclude any party or its attorneys from:

(a)    showing a document designated as Confidential or Confidential – Outside Counsels' Eyes Only to an individual who, as indicated on the face of the document or established by other, prior evidence, either authored, sent, received, or was a designated copy recipient on the document;

(b)    using at a deposition of an officer, employee or expert of the Producing Party any document such Producing Party designated as Confidential or Confidential – Outside Counsels' Eyes Only, provided that only Qualified Persons are present while that document is being used at the deposition and that the relevant portion of the deposition transcript is placed under seal in accord with the provisions of paragraph 9 herein; or

(c)    disclosing or using, in any manner or for any purpose, any information or documents from the Producing Party's own files which the Producing Party has itself designated as Confidential or Confidential – Outside Counsels' Eyes Only.

6.    Confidential or Confidential – Outside Counsels' Eyes Only Information and the substance or content thereof, including any notes, memoranda or other similar documents relating

6

thereto, shall be used by a Receiving Party and its authorized representatives or designees under this Protective Order solely for the purpose of this Action and any appeals therefrom, and shall not be made available, or disclosed, or summarized to any persons, including the parties, other than as permitted under this Protective Order.

7.    Any person in possession of Confidential or Confidential – Outside Counsels' Eyes Only Information shall exercise appropriate care with regard to the storage, custody or use of such Information in order to ensure that the confidential nature of the same is maintained.

8.    If Confidential or Confidential – Outside Counsels' Eyes Only Information is disclosed to anyone other than in a manner authorized by this Protective Order, the party responsible for such disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Party of the Confidential or Confidential – Outside Counsels' Eyes Only Information and make all reasonable efforts to retrieve such Information and to prevent further disclosure.

9.    Any deposition transcript containing Confidential or Confidential – Outside Counsels' Eyes Only Information shall be marked on the cover as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER" or "CONFIDENTIAL – OUTSIDE COUNSELS' EYES ONLY PURSUANT TO PROTECTIVE ORDER," as appropriate, and shall indicate as appropriate within the transcript what information has been so designated. Whenever possible, the stenographic reporter shall be requested prior to the deposition (where the attorneys have reason to believe the testimony will contain Confidential or Confidential – Outside Counsels' Eyes Only Information) or when the Confidential or Confidential – Outside Counsels' Eyes Only Information is disclosed (when not previously anticipated) to separate those portions of the transcript containing confidential information and separately bind them (or, if in electronic form, otherwise designate such portions as separate) from the non-confidential portions. However, a party may designate any portion or all (if appropriate) of the transcript as containing Confidential or Confidential – Outside Counsels' Eyes Only Information by so advising, with reasonable

7

precision as to the affected testimony, the deposition reporter, who shall accordingly indicate in

the deposition transcript what portion(s) of the testimony (or exhibits thereto) were so designated,

or by so advising all other parties in writing, and with page and line designations, within thirty

(30) business days after receipt of the transcript. Until thirty (30) business days have passed after

the receipt of any transcript, that entire transcript shall be deemed to be Confidential – Outside

Counsels' Eyes Only unless a prior confidentiality designation has been made. In the event of

disagreement about the confidential status of a deposition transcript, it shall continue to be treated

as Confidential or Confidential – Outside Counsels' Eyes Only, whichever protection is being

sought, until this Court rules otherwise.

      10.    Nothing in this Order shall prevent a party from using any Confidential or

Confidential Outside Counsels' Only Information in any pleading, motion, other written

submission to the Court, or hearing under the following conditions: Any  paper or other document

filed in this Action which contains or discloses Confidential or Confidential – Outside Counsels'

Eyes Only Information shall be filed under seal and shall be maintained under seal according to

the terms of this Protective Order or as otherwise determined by the Court. When filing papers

which contain Confidential or Confidential – Outside Counsels' Eyes Only Information, the party

so filing shall designate the following on the first page of the filed documents:  "UNDER SEAL -

SUBJECT TO PROTECTIVE ORDER - CONTAINS CONFIDENTIAL OR CONFIDENTIAL –

OUTSIDE COUNSELS' EYES ONLY MATERIAL" and shall otherwise comply with the

Court's order on the subject. The party submitting such information shall request that the portion

of the proceeding where use is made of such documents be in camera or otherwise subject to such

procedures as the parties and the Court may agree to preserve the confidentiality of the

information contained therein.

      11.    Entering into, agreeing to and/or producing or receiving Confidential or

Confidential – Outside Counsels' Eyes Only Information, or otherwise complying with the terms

of this Protective Order shall not:

8

(a)     Operate as an admission by any party that any Discovery Material designated as Confidential or Confidential – Outside Counsels' Eyes Only contains or reflects trade secrets or any other type of confidential or proprietary information entitled to protection under applicable law;

(b)     Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential or Confidential – Outside Counsels' Eyes Only" Information;

(c)     Prejudice in any way the rights of any party to object to the authenticity or admissibility into evidence of any document, testimony or the evidence subject to this Protective Order;

(d)     Prejudice in any way the rights of any party to seek a determination by the Court whether any Discovery Material or Confidential or Confidential – Outside Counsels' Eyes Only Information should be subject to the terms of this Protective Order;

(e)     Prejudice in any way the rights of any party to petition the Court for a further protective order relating to any purportedly Confidential or Confidential – Outside Counsels' Eyes Only Information;

(f)     Prejudice in any way the rights of any party to petition the Court for permission to disclose or use particular Confidential or Confidential – Outside Counsels' Eyes Only Information more broadly than would otherwise be permitted by the terms of this Protective Order; or

(g)     Prevent any Producing Party from agreeing to alter or waive the provisions or protections provided for herein with respect to any particular Discovery Material designated as Confidential or Confidential – Outside Counsels' Eyes Only Information by that party.

12.    The signing of this Protective Order or failure of a party, at the time it receives Discovery Materials designated as Confidential or Confidential – Outside Counsels' Eyes Only Information, to challenge or object to the Confidential or Confidential – Outside Counsels' Eyes Only designations shall not be deemed a waiver of its right to challenge or object to such designations at any later time. Any party may at any time challenge the designation of any Discovery Materials as Confidential or Confidential – Outside Counsels' Eyes Only and may request permission to use or disclose information with Confidential or Confidential – Outside Counsels' Eyes Only designations other than as permitted, pursuant to this paragraph by serving (by facsimile transmission) a written request upon counsel for the Producing Party at least ten (10) business days before the date of the proposed disclosure and by providing telephonic notice of such request on the same date the facsimile is transmitted. Such request shall specifically identify the Confidential or Confidential – Outside Counsels' Eyes Only Information, including production numbers, sought to be disclosed and the name, title and function of the person to whom disclosure is desired to be made. The Producing Party shall thereafter respond to the request in writing within ten (10) business days after receipt of same. Absent good cause shown, a failure to respond within such time shall constitute consent to the request. If, where consent has been withheld, the parties are subsequently unable to agree on the terms and conditions of disclosure, the matter may be submitted to the Court for resolution by the party seeking disclosure. Disclosure shall be postponed until a ruling has been obtained from the Court.

13.    Notwithstanding any default provisions of this Protective Order providing for confidential treatment, in the event of disagreement, the party asserting confidentiality shall have the burden of proving that the information at issue is entitled to the protection of this Protective Order.

14.    All provisions of this Protective Order restricting the use of information obtained during discovery shall continue to be binding on the parties and all persons who have received

10

information under this Protective Order, after the conclusion of this action, including all appeals, until further Order of the Court, unless the parties agree otherwise in writing.

15.    Any and all originals and copies of Discovery Materials designated Confidential or "Confidential – Outside Counsels' Eyes Only," shall, at the request of the Producing Party, be returned to that party within sixty (60) days after a final judgment herein, the mandate has issued in the case of an appeal, or settlement of this Action, or, at the option of the Producing Party, destroyed in that time frame, and any analyses, memoranda, or notes which were internally generated by the Receiving Party based upon such inadvertently-produced information shall be promptly destroyed by the Receiving Party, except that outside counsel for each party may maintain in its files one copy of each pleading filed with the Court, each deposition transcript together with the exhibits marked at the deposition, and documents constituting work product which were internally generated based upon or which include Confidential or Confidential – Outside Counsels' Eyes Only Information.  In the event that outside counsel maintains such documents, it shall not disclose material containing any type of Confidential or Confidential – Outside Counsels' Eyes Only Information to another person  absent subpoena or court order. Upon receipt of any subpoena for such information, the party receiving the subpoena shall immediately notify outside counsel for the Producing Party of the subpoena so that the latter may protect its interests.  In the event that documents are returned to or destroyed at the request of the Producing Party, the other party or its outside counsel shall certify in writing that all such documents have been returned or destroyed, as the case may be.

16.    The inadvertent production in discovery of any Confidential or Confidential – Outside Counsels' Eyes Only information, without such designation  at the time of the production, shall not be deemed a waiver in whole or in part of the Producing Party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating to the same or related subject matter, provided the Producing Party promptly upon discovery of the inadvertent disclosure notifies the Receiving Party in writing that the information

11

is Confidential or Confidential – Outside Counsels' Eyes Only. Such notification shall constitute a designation of the information as Confidential or Confidential – Outside Counsels' Eyes Only, and therefore subject it to the provisions of this Order. Disclosure of inadvertently disclosed Confidential or Confidential – Outside Counsels' Eyes Only information prior to receipt of such notice shall not be deemed a violation of this Order. However, those persons to whom disclosure was made are to be advised that the information is Confidential or Confidential – Outside Counsels' Eyes Only and must be treated in accordance with this Order and wherever possible any document embodying such Confidential or Confidential – Outside Counsels' Eyes Only information shall be marked "Confidential" or "Confidential – Outside Counsels' Eyes Only."

17.    The inadvertent production in discovery of any privileged or otherwise protected or exempted information, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege and the protection afforded to work-product materials or the subject matter thereof, provided that the Producing Party shall immediately notify the Receiving Party in writing when inadvertent production is discovered. Upon receiving written notice from the Producing Party that privileged information or work-product material has been inadvertently produced, all such information, and all copies thereof, shall immediately be returned by the Receiving Party to the Producing Party and the Receiving Party and its counsel shall not use such information for any purpose absent agreement by the Producing Party or an order from the Court determining its disposition. If the parties disagree about the disposition of such material after conferring in good faith, then either side may move the Court for a resolution of the dispute. Any analyses, memoranda or notes which were internally generated by the Receiving Party based upon such inadvertently-produced information shall immediately be gathered by counsel for the Receiving Party and not used for any purpose absent agreement by the Producing Party or an order from the Court determining its disposition.

18.    If Confidential or Confidential -- Outside Counsels' Eyes Only Information is the subject of a confidentiality obligation by the Producing Party to a non-party, the Producing Party

12

shall identify the information with sufficient particularity so as to enable the Receiving Party to understand the general subject of such information. If the non-party refuses a request from the Producing Party to consent to production of the information, the Receiving Party may request an Order from the Court with regard to the terms on which the information may be made available to the Receiving Party.

19.    Any violation of the terms of this Protective Order shall be punishable by such relief as deemed appropriate by the Court.

20.    Until such time as this Protective Order has been entered by the Court, the parties agree that upon execution by the parties, it will be treated as though it had been "So Ordered."

21.    Non- parties who produce information in this Action may avail themselves of the provisions of this Protective Order and Discovery Material produced by non-parties shall be treated by the parties in conformance with this Protective Order. If any Confidential or Confidential – Outside Counsels' Eyes Only Information is produced by a non-party to this Action, such non-party shall be considered a Producing Party within the meaning of that term as it is used in the context of this Order, and the parties to this Order shall be treated as Receiving Parties. Nothing in this paragraph shall permit a party to designate as Confidential or Confidential – Outside Counsels' Eyes Only any information produced by a non-party that such non-party did not itself designate as Confidential or Confidential – Outside Counsels' Eyes Only.

22.    This Order is without prejudice to the right of any party to seek relief from the Court upon good cause shown, from any of the restrictions provided above or to impose additional restrictions on the disclosure of any information or material produced.

23.    The Court retains jurisdiction subsequent to settlement or entry of judgment to enforce the terms of this Protective Order.

SO ORDERED this _____ day of _____, 2006.


_____
UNITED STATES DISTRICT JUDGE

13

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| INFINEUM INTERNATIONAL LTD. and<br>INFINEUM USA L.P., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>)   C. A. No. 05-884 (JJF)<br>) |
| AFTON CHEMICAL CORP., | )<br>) |
| Defendant. | )<br>) |

I hereby certify (i) my understanding that Discovery Material and/or Confidential and/or

Confidential – Outside Counsels' Eyes Only Information are being provided to me pursuant to the

terms and restrictions of the Protective Order (the "Order") entered by the United States District

Court for the District of Delaware (the "District Court") in this Action, and (ii) that I have read

the Order. I understand the terms of the Order, I agree to be fully bound by the Order, and I

hereby submit to the jurisdiction of the District Court for purposes of enforcement of the Order. I

understand that violation of the Order may be punishable by contempt of Court.

Dated: _____       Signature: _____

                                                            Name:     _____

                                                            Address:  _____

                                                                              _____

                                                                               _____