## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INFINEUM INTERNATIONAL LTD. and<br>INFINEUM USA L.P., | ) )<br>) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C. A. No. 05-884 (JJF) |
| | ) | |
| AFTON CHEMICAL CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### NOTICE OF SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant Afton Chemical Corp. ("Afton"), issued subpoenas duces tecum

with the accompanying schedules of document requests (attached hereto as Exhibits A-

B), which have been or will be served, on the third parties listed below.

| Name | Date/Location of Document Production |
|---|---|
| ExxonMobile Corporation<br>c/o Corporate Services Co.<br>830 Bear Tavern Road<br>West Trenton, NJ 08628 | September 8, 2006<br>Potter Anderson & Corroon LLP<br>1313 N. Market Street, 6th Floor<br>Wilmington, DE 19801 |
| ExxonMobile Research and Engineering Co.<br>c/o Corporate Services Co.<br>830 Bear Tavern Road<br>West Trenton, NJ 08628 | September 8, 2006<br>ExxonMobile Research and Engineering Co.<br>1545 Route 22 E<br>Annandale, NJ 08801 |

OF COUNSEL:

Ford F. Farabow, Jr.
Ronald A. Bleeker
Mark J. Feldstein
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC  20001-4413
Tel.:  (202) 408-4000

Kenneth M. Frankel
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Suite 800
Reston, VA 20190-5675
Tel.:  (571) 203-2700


Dated:  August 18, 2006
746764 / 29965

POTTER ANDERSON & CORROON LLP


By:   /s/ Kenneth L. Dorsney
       Richard L. Horwitz (#2246)
       Kenneth L. Dorsney (#3726)
       Hercules Plaza, 6th Floor
       1313 N. Market Street
       P. O. Box 951
       Wilmington, DE  19899
       Tel:  (302) 984-6000
       rhorwitz@potteranderson.com
       kdorsney@potteranderson.com

*Attorneys for Defendant*
*Afton Chemical Corp.*

# EXHIBIT A

A088 (Delaware Rev. 7/00) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

### DISTRICT OF DELAWARE

|  |  |
|---|---|
| INFINEUM INTERNATIONAL LTD. and<br>INFINEUM USA L.P., | ) |
| Plaintiffs, | ) **SUBPOENA IN A CIVIL CASE** |
|  | ) |
| v. | ) Case Number:[1] 05-884 (JJF) |
|  | ) |
| AFTON CHEMICAL CORP., | ) |
| Defendant. | ) |

TO: ExxonMobil Corporation
    c/o Corporate Services Co.
    830 Bear Tavern Road
    West Trenton, N.J. 08628
    phone: (609)-771-1800

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified blow (list documents or objects):

SEE ATTACHED SCHEDULE A

| PLACE<br>Potter Anderson & Corroon LLP, 1313 N. Market Street, 6th Floor,<br>Wilmington, DE 19801 | DATE AND TIME<br>September 8, 2006<br>9:30 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

      Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6)

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDIACATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)<br><br>Attorney for Defendant Afton Chemical Corp. | DATE<br><br>3/13/06 |
|---|---|

ISSUING OFFICER'S NAME. ADDRESS AND PHONE NUMBER

Kenneth L. Dorsney. Potter Anderson & Corroon LLP, 1313 N. Market Street ,6th Floor, Wilmington, DE 19801
(302) 984-6000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

A088 (Delaware Rev. 7/00) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct

Executed on _____
                          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

_____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)   A party or an attorney responsible for the issuance and service of a Subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden

(B) If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) Requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## SCHEDULE A FOR SUBPOENA

I.  **DOCUMENTS AND THINGS TO PRODUCE**

The subpoena duces tecum to which this Schedule is attached requires you to produce for inspection and copying all of the following documents:

1.  All documents and things concerning any testing or analysis of passenger car engine lubricating oils and lubricating oil additives conducted by or at ExxonMobil on behalf of Infineum International Ltd. or Infineum USA L.P., including without limitation any test results related to passenger car engine lubricating oils and lubricating oil additives that were provided (in whole or part) by ExxonMobil to Infineum International Ltd., Infineum USA L.P., or any person or entity related thereto.

2.  For each commercial passenger car motor oil product that was made, used, sold, or offered for sale in the United States by ExxonMobil (or its predecessors) prior to April 5, 2002 containing (i) 350 ppm molybdenum or less, (ii) calcium, and (iii) phosphorus, including the following products:

| YEAR | BRAND NAME |
|------|------------|
| 1993 | MOBIL 1 |
| 2001 | MOBIL 1 TRI-SYNTHETIC FORMULA |
| 2001 | MOBIL DRIVE CLEAN |
| 2001 | EXXON SUPERFLO |
| 2002 | MOBIL 1 TRI-SYNTHETIC FORMULA |
| 2002 | EXXON SUPERFLO |
| 2002 | MOBIL 1 SUPERSYN |
| 2002 | MOBIL DRIVE CLEAN |

(a) documents and things sufficient to fully identify the product's composition, measured properties (including chemical or elemental analysis, kinematic viscosity, viscosity index, and Noack volatility), components (by at least trade

1

name, chemical formula, concentration, and properties, including kinematic viscosity and viscosity index where measured or known), and component amounts;

(b) documents and things sufficient to fully identify each product's earliest date of production, earliest date of use, earliest date of sale, and earliest date of offer for sale in the United States; and

(c) documents and things sufficient to identify the individuals having the most knowledge of the use, sale, and offer for sale.

3.    For each reference (and any patent or patent application related thereto) listed in section (d) of this request, documents and things sufficient to identify:

(a) all acts of conception or reduction to practice of the subject matter of the reference;

(b) for each product (whether commercial or non-commercial) embodying or relating thereto that was conceived, prepared, offered for sale, or sold prior to April 5, 2002, the product's composition, measured properties (including chemical analysis, kinematic viscosity, viscosity index, and Noack volatility), test results (including engine and bench tests), components (by at least trade name, chemical formula, concentration, and properties, including kinematic viscosity and viscosity index where measured or known), and component amounts; and

(c) documents and things sufficient to identify the individuals having the most knowledge of the conception, reduction to practice, or product.

(d) References:

2

1.  U.S. Patent No. 5,837,657

2.  U.S. Patent No. 6,010,987

3.  U.S. Patent No. 6,074,993

4.  U.S. Patent No. 6,153,564

5.  U.S. Patent No. 6,300,291

6.  U.S. Patent No. 6,444,624

7.  UK Patent Application No. GB 2 359 092 A

8.  International Publication No. WO 01/59037 A2

9.  International Application No. PCT/US01/09791

## II.    DEFINITIONS AND INSTRUCTIONS

For purposes of producing documents responsive to the foregoing subpoena duces tecum, the instructions and definitions stated below shall apply.

1.    The terms "you," "your," and "ExxonMobil" shall mean ExxonMobil Corporation and ExxonMobil Research and Engineering Co., its divisions, business units, subsidiaries, affiliates, predecessors, and any other related persons or entities.

2.    The term "document" shall have the comprehensive meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

3.    The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. The word "or" shall mean "and/or". The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa. The word "including" shall mean "including but not limited to." Any word connoting the masculine gender shall include

3

the feminine and the non-gender (i.e., it), the use of the feminine shall include both the masculine and the non-gender, and the use of the non-gender shall include both the masculine and feminine. The term "relating to" shall mean constituting, referring to, reflecting, discussing, showing, evidencing, supporting, contradicting, or in any way logically or factually connected with the matter discussed or identified.

4.    As used herein, the word "possession" shall mean, but is not limited to mean, to be in control of or under the direction or control of the respondent; to have been given by the respondent to another person or entity over whom the respondent has control or who has control over the respondent; to have been prepared by, for, or on behalf of the respondent; to have been paid for or purchased by the respondent; to be owned by the respondent; to be controlled by the respondent or any other entity or person who controls respondent or over whom the respondent has control or direction; to have knowledge of, to be able to have access to and possession of, or to be in the possession of persons or entities employed by, working for or on behalf of, who have control over, or who employ, control or direct the respondent, whether by an entity or an individual.

5.    You shall search for all documents within its possession, custody or control, wherever located, including any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at their residence or place(s) of business), in order to respond fully to this Subpoena.

6.    If you are aware of any document or thing requested to be produced that has been lost, discarded, destroyed, or is otherwise not available for production for any reason whatsoever, you shall provide:

4

A.   a full identification of each such document or thing, including its author, addressee, recipient, date, and general type (e.g., letter, report); and

B.   a summary of its contents or general subject matter.

# EXHIBIT B

A088 (Delaware Rev. 7/00) Subpoena in a Civil Case

Issued by the

## UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| INFINEUM INTERNATIONAL LTD. and INFINEUM USA L.P., | ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| AFTON CHEMICAL CORP., | ) ) |
| Defendant. | ) ) |

**SUBPOENA IN A CIVIL CASE**
Pending in the U.S. District of Delaware

Case Number:[1] 05-884 (JJF)

TO: ExxonMobil Research and Engineering Co.
　　c/o Corporate Services Co.
　　830 Bear Tavern Road
　　West Trenton, N.J. 08628
　　phone: (609)-771-1800

☐　YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐　YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒　YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified blow (list documents or objects):

SEE ATTACHED SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| 1545 Route 22 E, Annandale, New Jersey 08801 | September 8, 2006 9:30 a.m. |

☐　YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

　　Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDIACATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| _[signature]_ Attorney for Defendant Afton Chemical Corp. | 9/13/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Kenneth L Dorsney, Potter Anderson & Corroon LLP, 1313 N. Market Street .6th Floor, Wilmington, DE  19801
(302) 984-6000

(See Rule 45, Federal Rules of Civil Procedure, parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

A088 (Delaware Rev. 7/00) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                              DATE

SIGNATURE OF SERVER
_____

ADDRESS OF SERVER
_____

_____

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1)   A party or an attorney responsible for the issuance and service of a Subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee

(2) (A)   A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B)   Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)   fails to allow reasonable time for compliance,
(ii)   requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)  subjects a person to undue burden

(B) If a subpoena

(i)   requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)  Requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

## SCHEDULE A FOR SUBPOENA

**I.    DOCUMENTS AND THINGS TO PRODUCE**

The subpoena duces tecum to which this Schedule is attached requires you to produce for inspection and copying all of the following documents:

1.    All documents and things concerning any testing or analysis of passenger car engine lubricating oils and lubricating oil additives conducted by or at ExxonMobil on behalf of Infineum International Ltd. or Infineum USA L.P., including without limitation any test results related to passenger car engine lubricating oils and lubricating oil additives that were provided (in whole or part) by ExxonMobil to Infineum International Ltd., Infineum USA L.P., or any person or entity related thereto.

2.    For each commercial passenger car motor oil product that was made, used, sold, or offered for sale in the United States by ExxonMobil (or its predecessors) prior to April 5, 2002 containing (i) 350 ppm molybdenum or less, (ii) calcium, and (iii) phosphorus, including the following products:

| YEAR | BRAND NAME |
|------|------------|
| 1993 | MOBIL 1 |
| 2001 | MOBIL 1 TRI-SYNTHETIC FORMULA |
| 2001 | MOBIL DRIVE CLEAN |
| 2001 | EXXON SUPERFLO |
| 2002 | MOBIL 1 TRI-SYNTHETIC FORMULA |
| 2002 | EXXON SUPERFLO |
| 2002 | MOBIL 1 SUPERSYN |
| 2002 | MOBIL DRIVE CLEAN |

(a)    documents and things sufficient to fully identify the product's composition, measured properties (including chemical or elemental analysis, kinematic viscosity, viscosity index, and Noack volatility), components (by at least trade

1

name, chemical formula, concentration, and properties, including kinematic viscosity and viscosity index where measured or known), and component amounts;

(b) documents and things sufficient to fully identify each product's earliest date of production, earliest date of use, earliest date of sale, and earliest date of offer for sale in the United States; and

(c) documents and things sufficient to identify the individuals having the most knowledge of the use, sale, and offer for sale.

3.    For each reference (and any patent or patent application related thereto) listed in section (d) of this request, documents and things sufficient to identify:

(a) all acts of conception or reduction to practice of the subject matter of the reference;

(b) for each product (whether commercial or non-commercial) embodying or relating thereto that was conceived, prepared, offered for sale, or sold prior to April 5, 2002, the product's composition, measured properties (including chemical analysis, kinematic viscosity, viscosity index, and Noack volatility), test results (including engine and bench tests), components (by at least trade name, chemical formula, concentration, and properties, including kinematic viscosity and viscosity index where measured or known), and component amounts; and

(c) documents and things sufficient to identify the individuals having the most knowledge of the conception, reduction to practice, or product.

(d) References:

2

1.  U.S. Patent No. 5,837,657

2.  U.S. Patent No. 6,010,987

3.  U.S. Patent No. 6,074,993

4.  U.S. Patent No. 6,153,564

5.  U.S. Patent No. 6,300,291

6.  U.S. Patent No. 6,444,624

7.  UK Patent Application No. GB 2 359 092 A

8.  International Publication No. WO 01/59037 A2

9.  International Application No. PCT/US01/09791

## II.    DEFINITIONS AND INSTRUCTIONS

For purposes of producing documents responsive to the foregoing subpoena duces tecum, the instructions and definitions stated below shall apply.

1.    The terms "you," "your," and "ExxonMobil" shall mean ExxonMobil Corporation and ExxonMobil Research and Engineering Co., its divisions, business units, subsidiaries, affiliates, predecessors, and any other related persons or entities.

2.    The term "document" shall have the comprehensive meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

3.    The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. The word "or" shall mean "and/or". The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa. The word "including" shall mean "including but not limited to." Any word connoting the masculine gender shall include

3

the feminine and the non-gender (i.e., it), the use of the feminine shall include both the masculine and the non-gender, and the use of the non-gender shall include both the masculine and feminine. The term "relating to" shall mean constituting, referring to, reflecting, discussing, showing, evidencing, supporting, contradicting, or in any way logically or factually connected with the matter discussed or identified.

4.    As used herein, the word "possession" shall mean, but is not limited to mean, to be in control of or under the direction or control of the respondent; to have been given by the respondent to another person or entity over whom the respondent has control or who has control over the respondent; to have been prepared by, for, or on behalf of the respondent; to have been paid for or purchased by the respondent; to be owned by the respondent; to be controlled by the respondent or any other entity or person who controls respondent or over whom the respondent has control or direction; to have knowledge of, to be able to have access to and possession of, or to be in the possession of persons or entities employed by, working for or on behalf of, who have control over, or who employ, control or direct the respondent, whether by an entity or an individual.

5.    You shall search for all documents within its possession, custody or control, wherever located, including any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at their residence or place(s) of business), in order to respond fully to this Subpoena.

6.    If you are aware of any document or thing requested to be produced that has been lost, discarded, destroyed, or is otherwise not available for production for any reason whatsoever, you shall provide:

4

                A.      a full identification of each such document or thing, including its author, addressee, recipient, date, and general type (e.g., letter, report); and

                B.      a summary of its contents or general subject matter.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Kenneth L. Dorsney, hereby certify that on August 18, 2006, the attached document was Electronically Mailed and Hand Delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to the following and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Monté T. Squire
Young, Conaway, Stargatt & Taylor
Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19899

I hereby certify that on August 18, 2006, I have Electronically Mailed and Federal Expressed the documents to the following non-registered participants:

Richard L. Delucia
Elizabeth A. Gardner
Patrick Herman
Kenyon & Kenyon
One Broadway
New York, NY 10004
rdelucia@kenyon.com
egardner@kenyon.com
pherman@kenyon.com

By:   /s/ Kenneth L. Dorsney
Richard L. Horwitz
Kenneth L. Dorsney
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

718549