## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| INFINEUM INTERNATIONAL LTD. and INFINEUM USA L.P., | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) C. A. No. 05-884 (JJF) ) |
| AFTON CHEMICAL CORP., | ) ) |
| Defendant. | ) ) ) |

### NOTICE OF SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant Afton Chemical Corp. ("Afton"), issued subpoenas duces tecum

with the accompanying schedules of document requests (attached hereto as Exhibits A-

B), which have been or will be served, on the third parties listed below.

| Name | Date/Location of Document Production |
|---|---|
| The Institute of Materials 4800 James Savage Road Midland, Michigan 48642 Attn: Rebecca Cox | September 15, 2006 The Institute of Materials 4800 James Savage Road Midland, Michigan 48642 |
| Shell Oil Company c/o Corporation Service Company 2711 Centerville Road Suite 400 Wilmington, Delaware 19808 | September 12, 2006 Potter Anderson & Corroon LLP 1313 N. Market Street, 6th Floor Wilmington, Delaware 19801 |

OF COUNSEL:

Ford F. Farabow, Jr.
Ronald A. Bleeker
Mark J. Feldstein
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4413
Tel.: (202) 408-4000

Kenneth M. Frankel
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Suite 800
Reston, VA 20190-5675
Tel.: (571) 203-2700

Dated: August 29, 2006
747938 / 29965

POTTER ANDERSON & CORROON LLP

By:  /s/ Kenneth L. Dorsney
     Richard L. Horwitz (#2246)
     Kenneth L. Dorsney (#3726)
     Hercules Plaza, 6th Floor
     1313 N. Market Street
     P. O. Box 951
     Wilmington, DE 19899
     Tel: (302) 984-6000
     rhorwitz@potteranderson.com
     kdorsney@potteranderson.com

Attorneys for Defendant
Afton Chemical Corp.

# EXHIBIT A

GF:111

AO 88 (Rev 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| INFINEUM INTERNATIONAL LTD. and INFINEUM USA L.P., Plaintiffs<br>v.<br>AFTON CHEMICAL CORP., Defendant | **SUBPOENA IN A CIVIL CASE**<br><br>**CASE NUMBER:** C.A. No. 05-884 (JJF) |

TO:    The Institute of Materials
       4800 James Savage Road
       Midland, Michigan 48642
       Attn: Rebecca Cox

Case pending in United States
District Court, District of Delaware

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Schedules A and B.

| PLACE    The Institute of Materials<br>4800 James Savage Road<br>Midland, Michigan 48642 | DATE AND TIME<br>September 15, 2006; 9:00 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Kenneth L. Dorsney*<br>Attorney for Defendant Afton Chemical Corp. | 8/28/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kenneth L. Dorsney
Potter Anderson & Corroon, L.L.P.
1313 North Market Street, 6th Floor
Wilmington, Delaware 19801
(302) 984-6000

(See Rule 45 of Federal Rules of Civil Procedure Parts C & D on Reverse)

10/94

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                          DATE                                              SIGNATURE OF SERVER

_____

_____
ADDRESS OF SERVER

## Superior Court Civil Rule 45, Parts C, D & E:

### (c)  Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance, (ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iii) subjects a person to undue burden

(B) If a subpoena (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions

### (d)  Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

### (e)  Contempt.

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court

## SCHEDULE A FOR SUBPOENA
## TO THE INSTITUTE OF MATERIALS

### DOCUMENTS TO PRODUCE

The subpoena duces tecum to which this Schedule is attached requires you to produce for inspection and copying all of the following documents:

1.    For each engine lubricating oil report included on Schedule B:

(a) all documents relating to each report, including (i) any information regarding when, where, and from whom the product sample analyzed for each report was purchased, and (ii) any measured properties of the product sample (including chemical or elemental analysis, kinematic viscosity, viscosity index, and Noack volatility);

(b) a sample of each product that was analyzed to the extent any exist, and

(c) documents sufficient to identify the individuals having the most knowledge of the purchase and analysis of each product sample.

### DEFINITIONS AND INSTRUCTIONS

For purposes of producing documents responsive to the foregoing subpoena duces tecum, the instructions and definitions stated below shall apply.

1.    The terms "you," "your," and "The Institute of Materials" shall mean The Institute of Materials, and any subsidiary, affiliated, and parent companies, and any predecessors thereto; businesses or partnerships, their officers, directors, managing agents, foremen, partners, joint ventures, shareholders, trustees, beneficiaries, employees, persons in control or managing the entity, persons to whom the entity is responsible or under the control or direction of, and any other related persons or entities.

2.      The term "document" shall have the comprehensive meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure, including all tangible embodiments, manifestations, or evidence of a communication, as defined below.

3.      The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. The word "or" shall mean "and/or". The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa. The word "including" shall mean "including but not limited to." Any word connoting the masculine gender shall include the feminine and the non-gender (i.e., it), the use of the feminine shall include both the masculine and the non-gender, and the use of the non-gender shall include both the masculine and feminine. The term "relating to" shall mean constituting, referring to, reflecting, discussing, showing, evidencing, supporting, contradicting, or in any way logically or factually connected with the matter discussed or identified.

4.      The term "individual" shall mean any person who is a current or former employee, consultant, officer, or director of The Institute of Materials.

5.      As used herein, the word "possession" shall mean, but is not limited to mean, to be in control of or under the direction or control of the respondent; to have been given by the respondent to another person or entity over whom the respondent has control or who has control over the respondent; to have been prepared by, for, or on behalf of the respondent; to have been paid for or purchased by the respondent; to be owned by the respondent; to be controlled by the respondent or any other entity or person who controls respondent or over whom the respondent has control or direction; to have knowledge of, to be able to have access to and possession of, or to be in the possession of persons or entities employed by, working for or on behalf of, who have

2

control over, or who employ, control or direct the respondent, whether by an entity or an individual.

6.      The Institute of Materials shall search for all documents within its possession, custody or control, wherever located, including any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on The Institute of Materials' behalf (whether located at their residence or place(s) of business), in order to respond fully to this Subpoena.

7.      If The Institute of Materials is aware of any document or thing requested to be produced that has been lost, discarded, destroyed, or is otherwise not available for production by The Institute of Materials for any reason whatsoever, The Institute of Materials shall provide:

A.      a full identification of each such document or thing, including its author, addressee, recipient, date, and general type (e.g., letter, report); and

B.      a summary of its contents or general subject matter.

**SCHEDULE B FOR SUBPOENA
TO THE INSTITUTE OF MATERIALS**

<u>**ENGINE LUBRICATING OIL REPORT NUMBERS**</u>

EO5386
EO5433
EO6164
EO6220
EO6456
EO6243
EO6381
EO6686
EO6616
EO6476
EO6483
EO6590
EO6506
EO6885
EO6947
EO6882
EO6828
EO6848
EO6721
EO6861
EO7019
EO7102
EO6964
EO7035
EO7047
EO7073
EO7268
EO7346
EO7319
EO7318
EO7327
EO7237
EO7320
EO7289
EO7288
EO7265
EO7435
EO7426
EO7284
EO7213
EO7339
EO7458

EO7338
EO7337
EO7345
EO7344
EO7433
EO7383
EO7605
EO7516
EO7604
EO7662
EO7486
EO7609
EO7698
EO7489
EO7505
EO7703
EO7700
EO7702
EO7701
EO7690
EO7699
EO7499
EO7661
EO7567
EO7550
EO7511
EO7518
EO7586
EO7510
EO7696
EO7494
EO7582
EO7467
EO7608
EO7683
EO7579
EO7519
EO7528
EO7580
EO7654
EO7599
EO7477
EO7465
EO7633
EO7584
EO7576

EO7461
EO7470
EO7517
EO7682

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| INFINEUM INTERNATIONAL LTD. and INFINEUM USA L.P., Plaintiffs,<br>v.<br>AFTON CHEMICAL CORP., Defendant. | **SUBPOENA IN A CIVIL CASE**<br><br>CASE NUMBER: C.A. No. 05-884 (JJF) |

TO:    Shell Oil Company
       c/o Corporation Service Company
       2711 Centerville Road
       Suite 400
       Wilmington , DE 19808

*Case pending in United States District Court, District of Delaware*

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Schedule A.

| PLACE   Potter Anderson & Corroon LLP<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P. O. Box 951<br>Wilmington, DE 19899 | DATE AND TIME<br><br>September 12, 2006; 9:00 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]*<br>Kenneth L. Dorsney (#3726), Attorney for Defendant Afton Chemical Corp. | 8/28/06 |
| ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER<br>Kenneth L. Dorsney<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>P. O. Box 951<br>Wilmington, DE 19899<br>(302) 984-6000 | |

(See Rule 45 of Federal Rules of Civil Procedure Parts C & D on Reverse)

10/94

| PROOF OF SERVICE | | |
|---|---|---|
| **SERVED** | DATE | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE |
| SERVED BY (PRINT NAME) | | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____

SIGNATURE OF SERVER

_____

_____

ADDRESS OF SERVER

## Superior Court Civil Rule 45, Parts C, D & E:

### (c)  Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance, (ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iii) subjects a person to undue burden.

(B) If a subpoena (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions

### (d)  Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

### (e) Contempt.

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court

# SCHEDULE A FOR SUBPOENA

## I.    DOCUMENTS AND THINGS TO PRODUCE

The subpoena duces tecum to which this Schedule is attached requires you to

produce for inspection and copying all of the following documents:

1.    For each commercial passenger car motor oil product that was made, used, sold,

or offered for sale in the United States by Shell prior to April 5, 2002 containing

(i) 350 ppm molybdenum or less, (ii) calcium, and (iii) phosphorous, including

the following products:

| YEAR | BRAND NAME | GRADE |
|------|-----------|-------|
| 1996 | PENNZOIL PERFORMAX SYNTHETIC | 5W30 |
| 1997 | PENNZOIL PERFORMAX 100 | 5W50 |
| 2001 | FORMULA SHELL | 5W30 |
| 2001 | PENNZOIL | 10W30 |
| 2001 | PENNZOIL CLEAN ENGINE FORMULA | 5W20 |
| 2002 | PENNZOIL | 5W30 |
| 2002 | PENNZOIL | 10W30 |
| 2002 | PENNZOIL | 10W40 |
| 2002 | PENNZOIL CLEAN ENGINE FORMULA | 5W20 |
| 2002 | PENNZOIL SYNTHETIC BLEND | 5W30 |
| 2002 | QUAKER STATE | 5W30 |
| 2002 | QUAKER STATE 4 X 4 | 10W40 |
| 2002 | QUAKER STATE ULTRA PREMIUM | 10W30 |

(a) documents and things sufficient to fully identify the product's composition,

measured properties (including chemical or elemental analysis, kinematic

viscosity, viscosity index, and Noack volatility), components (by at least trade

name, chemical formula, concentration, and properties, including kinematic

viscosity and viscosity index where measured or known), and component

amounts;

(b) documents and things sufficient to fully identify each product's earliest date

of production, earliest date of use, earliest date of sale, and earliest date of

1

offer for sale in the United States; and

(c) documents and things sufficient to identify the individuals having the most

knowledge of the use, sale, and offer for sale.

## II.    DEFINITIONS AND INSTRUCTIONS

For purposes of producing documents responsive to the foregoing subpoena duces

tecum, the instructions and definitions stated below shall apply.

1.    The terms "you," "your," and "Shell" shall mean Shell Oil Company, its

divisions, business units, subsidiaries, affiliates, predecessors, and any other related

persons or entities.

2.    The term "document" shall have the comprehensive meaning set forth in

Rule 34(a) of the Federal Rules of Civil Procedure.

3.    The words "or" and "and" shall be read in the conjunctive and in the

disjunctive wherever they appear, and neither of these words shall be interpreted to limit

the scope of a request. The word "or" shall mean "and/or". The use of a verb in any

tense shall be construed as the use of the verb in all other tenses, and the singular form

shall be deemed to include the plural and vice-versa. The word "including" shall mean

"including but not limited to." Any word connoting the masculine gender shall include

the feminine and the non-gender (i.e., it), the use of the feminine shall include both the

masculine and the non-gender, and the use of the non-gender shall include both the

masculine and feminine. The term "relating to" shall mean constituting, referring to,

reflecting, discussing, showing, evidencing, supporting, contradicting, or in any way

logically or factually connected with the matter discussed or identified.

4.    As used herein, the word "possession" shall mean, but is not limited to

2

mean, to be in control of or under the direction or control of the respondent; to have been given by the respondent to another person or entity over whom the respondent has control or who has control over the respondent; to have been prepared by, for, or on behalf of the respondent; to have been paid for or purchased by the respondent; to be owned by the respondent; to be controlled by the respondent or any other entity or person who controls respondent or over whom the respondent has control or direction; to have knowledge of, to be able to have access to and possession of, or to be in the possession of persons or entities employed by, working for or on behalf of, who have control over, or who employ, control or direct the respondent, whether by an entity or an individual.

5.     You shall search for all documents within its possession, custody or control, wherever located, including any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at their residence or place(s) of business), in order to respond fully to this Subpoena.

6.     If you are aware of any document or thing requested to be produced that has been lost, discarded, destroyed, or is otherwise not available for production for any reason whatsoever, you shall provide:

A.     a full identification of each such document or thing, including its author, addressee, recipient, date, and general type (e.g., letter, report); and

B.     a summary of its contents or general subject matter.

3

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Kenneth L. Dorsney, hereby certify that on August 29, 2006, the attached document

was Electronically Mailed and Hand Delivered to the following persons and was electronically

filed with the Clerk of the Court using CM/ECF which will send notification of such filing(s) to

the following and the document is available for viewing and downloading from CM/ECF:

John W. Shaw
Monté T. Squire
Young, Conaway, Stargatt & Taylor
Brandywine Building, 17th Floor
1000 West Street
P.O. Box 391
Wilmington, DE 19899

I hereby certify that on August 29, 2006, I have Electronically Mailed and Federal

Expressed the documents to the following non-registered participants:

Richard L. Delucia
Elizabeth A. Gardner
Patrick Herman
Kenyon & Kenyon
One Broadway
New York, NY 10004
rdelucia@kenyon.com
egardner@kenyon.com
pherman@kenyon.com

By:  /s/ Kenneth L. Dorsney
Richard L. Horwitz
Kenneth L. Dorsney
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, Delaware 19899-0951
(302) 984-6000
rhorwitz@potteranderson.com
kdorsney@potteranderson.com

718549