## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| INFINEUM INTERNATIONAL LTD. and INFINEUM USA L.P., | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | C. A. No. 05-884 (JJF) |
| AFTON CHEMICAL CORP., | ) ) ) | |
| Defendant. | ) ) ) | |

## NOTICE OF SUBPOENA DUCES TECUM

PLEASE TAKE NOTICE that, pursuant to Rule 45 of the Federal Rules of Civil

Procedure, Defendant Afton Chemical Corp. ("Afton"), issued subpoenas duces tecum

with accompanying schedules of document requests (attached hereto as Exhibits A-C),

which have been or will be served, on the third parties listed below.

| **Name** | **Date/Location of Document Production** |
|---|---|
| Schaeffer Manufacturing Company 102 Barton Street St. Louis, Missouri 63104 Attn: Thomas Herrmann, Esquire | September 15, 2006 Schaeffer Manufacturing Company 102 Barton Street St. Louis, Missouri 63104 |
| Amalie Oil Company c/o Kenneth D. Barkett 1601 McCloskey Boulevard Tampa, Florida 33605 | September 15, 2006 Amalie Oil Company 1601 McCloskey Boulevard Tampa, Florida 33605 |
| Uniqema Inc. 1000 Uniqema Boulevard New Castle, Delaware 19720-2790 | September 18, 2006 Potter Anderson & Corroon LLP 1313 N. Market Street, 6th Floor Wilmington, Delaware 19899 |

OF COUNSEL:

Ford F. Farabow, Jr.
Ronald A. Bleeker
Mark J. Feldstein
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, DC 20001-4413
Tel.: (202) 408-4000

Kenneth M. Frankel
FINNEGAN, HENDERSON, FARABOW,
GARRETT & DUNNER, L.L.P.
Two Freedom Square
11955 Freedom Drive
Suite 800
Reston, VA 20190-5675
Tel.: (571) 203-2700

Dated: September 1, 2006
748342 / 29965

POTTER ANDERSON & CORROON LLP

By:    */s/ Richard L. Horwitz*
      Richard L. Horwitz (#2246)
      Kenneth L. Dorsney (#3726)
      Hercules Plaza, 6th Floor
      1313 N. Market Street
      P. O. Box 951
      Wilmington, DE 19899
      Tel: (302) 984-6000
      rhorwitz@potteranderson.com
      kdorsney@potteranderson.com

*Attorneys for Defendant*
*Afton Chemical Corp.*

2

# EXHIBIT A

GF:111

AO 88 (Rev 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI

INFINEUM INTERNATIONAL LTD. and
INFINEUM USA L.P., Plaintiffs

v.

AFTON CHEMICAL CORP., Defendant

**SUBPOENA IN A CIVIL CASE**

**CASE NUMBER:** C.A. No. 05-884 (JJF)

TO:     Schaeffer Manufacturing Company
        102 Barton Street
        St. Louis, Missouri  63104
        Attn: Thomas Herrmann, Esq.

Case pending in United States
District Court, District of Delaware

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify
in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above
case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place,
date, and time specified below (list documents or objects):  See Schedule A.

| PLACE     Schaeffer Manufacturing Company<br>102 Barton Street<br>St. Louis, Missouri  63104 | DATE AND TIME<br>September 15, 2006; 9:30 AM |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person
designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Kenneth L. Dorsney*<br>Attorney for Defendant Afton Chemical Corp. | 8/31/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kenneth L. Dorsney
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, Delaware  19801
(302) 984-6000

(See Rule 45 of Federal Rules of Civil Procedure Parts C & D on Reverse)

10/94

| PROOF OF SERVICE | | | |
|---|---|---|---|
| **SERVED** | DATE | | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | | TITLE | |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                          DATE                                          SIGNATURE OF SERVER

_____

_____
ADDRESS OF SERVER

## Superior Court Civil Rule 45, Parts C, D & E:

### (c)  Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance,
(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iii) subjects a person to undue burden

(B) If a subpoena (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions

### (d)  Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

### (e)  Contempt.

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court

## SCHEDULE A FOR SUBPOENA

**I.    DOCUMENTS AND THINGS TO PRODUCE**

The subpoena duces tecum to which this Schedule is attached requires you to produce for inspection and copying all of the following documents:

1. For each commercial passenger car motor oil product that was made, used, sold, or offered for sale in the United States by Schaeffer prior to April 5, 2002 containing (i) 350 ppm molybdenum or less, (ii) calcium, and (iii) phosphorus, including SCHAEFFER MOLY SYNTHETIC 5W30 sold in 1998;

    (a) documents and things sufficient to fully identify the product's composition, measured properties (including chemical or elemental analysis, kinematic viscosity, viscosity index, and Noack volatility), components (by at least trade name, chemical formula, concentration, and properties, including kinematic viscosity and viscosity index where measured or known), and component amounts;

    (b) documents and things sufficient to fully identify each product's earliest date of production, earliest date of use, earliest date of sale, and earliest date of offer for sale in the United States; and

    (c) documents and things sufficient to identify the individuals having the most knowledge of the use, sale, and offer for sale.

**II.    DEFINITIONS AND INSTRUCTIONS**

For purposes of producing documents responsive to the foregoing subpoena duces tecum, the instructions and definitions stated below shall apply.

1.    The terms "you," "your," and "Schaeffer" shall mean Schaeffer Manufacturing Company, its divisions, business units, subsidiaries, affiliates, predecessors, and any other related persons or entities.

2.    The term "document" shall have the comprehensive meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

3.    The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. The word "or" shall mean "and/or". The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa. The word "including" shall mean "including but not limited to." Any word connoting the masculine gender shall include the feminine and the non-gender (i.e., it), the use of the feminine shall include both the masculine and the non-gender, and the use of the non-gender shall include both the masculine and feminine. The term "relating to" shall mean constituting, referring to, reflecting, discussing, showing, evidencing, supporting, contradicting, or in any way logically or factually connected with the matter discussed or identified.

4.    As used herein, the word "possession" shall mean, but is not limited to mean, to be in control of or under the direction or control of the respondent; to have been given by the respondent to another person or entity over whom the respondent has control or who has control over the respondent; to have been prepared by, for, or on behalf of the respondent; to have been paid for or purchased by the respondent; to be owned by the respondent; to be controlled by the respondent or any other entity or person who controls respondent or over whom the respondent has control or direction; to have knowledge of,

2

to be able to have access to and possession of, or to be in the possession of persons or entities employed by, working for or on behalf of, who have control over, or who employ, control or direct the respondent, whether by an entity or an individual.

5.    You shall search for all documents within its possession, custody or control, wherever located, including any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at their residence or place(s) of business), in order to respond fully to this Subpoena.

6.    If you are aware of any document or thing requested to be produced that has been lost, discarded, destroyed, or is otherwise not available for production for any reason whatsoever, you shall provide:

A.    a full identification of each such document or thing, including its author, addressee, recipient, date, and general type (e.g., letter, report); and

B.    a summary of its contents or general subject matter.

# EXHIBIT B

GF:111

AO 88 (Rev 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA

INFINEUM INTERNATIONAL LTD. and
INFINEUM USA L.P., Plaintiffs

v.

AFTON CHEMICAL CORP., Defendant

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:  C.A. No. 05-884 (JJF)

TO:    Amalie Oil Company
       c/o Kenneth D. Barkett
       1601 McCloskey Boulevard
       Tampa, Florida  33605

Case pending in United States
District Court, District of Delaware

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify
     in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above
     case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place,
     date, and time specified below (list documents or objects):  See Schedule A.

| PLACE     Amalie Oil Company | DATE AND TIME |
|---|---|
| 1601 McCloskey Boulevard | September 15, 2006; 9:30 AM |
| Tampa, Florida  33605 | |

☐    YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

     Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more
officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person
designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Kenneth L. Dorsney*    Attorney for Defendant Afton Chemical Corp. | 8/31/06 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kenneth L. Dorsney
Potter Anderson & Corroon LLP
1313 North Market Street, 6th Floor
Wilmington, Delaware  19801
(302) 984-6000

(See Rule 45 of Federal Rules of Civil Procedure Parts C & D on Reverse)

10/94

| PROOF OF SERVICE | | | |
|---|---|---|---|
| **SERVED** | DATE | | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | | TITLE | |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____

SIGNATURE OF SERVER

_____

_____

ADDRESS OF SERVER

## Superior Court Civil Rule 45, Parts C, D & E:

### (c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance,
(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iii) subjects a person to undue burden.

(B) If a subpoena (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions.

### (d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

### (e) Contempt.

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court.

## SCHEDULE A FOR SUBPOENA

**I.     DOCUMENTS AND THINGS TO PRODUCE**

The subpoena duces tecum to which this Schedule is attached requires you to produce for inspection and copying all of the following documents:

1.     For each commercial passenger car motor oil product that was made, used, sold, or offered for sale in the United States by Amalie prior to April 5, 2002 containing (i) 350 ppm molybdenum or less, (ii) calcium, and (iii) phosphorus, including AMALIE IMPERIAL 10W40 sold in 2001;

     (a) documents and things sufficient to fully identify the product's composition, measured properties (including chemical or elemental analysis, kinematic viscosity, viscosity index, and Noack volatility), components (by at least trade name, chemical formula, concentration, and properties, including kinematic viscosity and viscosity index where measured or known), and component amounts;

     (b) documents and things sufficient to fully identify each product's earliest date of production, earliest date of use, earliest date of sale, and earliest date of offer for sale in the United States; and

     (c) documents and things sufficient to identify the individuals having the most knowledge of the use, sale, and offer for sale.

**II.     DEFINITIONS AND INSTRUCTIONS**

For purposes of producing documents responsive to the foregoing subpoena duces tecum, the instructions and definitions stated below shall apply.

1.    The terms "you," "your," and "Amalie" shall mean Amalie Oil Company, its divisions, business units, subsidiaries, affiliates, predecessors, and any other related persons or entities.

2.    The term "document" shall have the comprehensive meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

3.    The words "or" and "and" shall be read in the conjunctive and in the disjunctive wherever they appear, and neither of these words shall be interpreted to limit the scope of a request. The word "or" shall mean "and/or". The use of a verb in any tense shall be construed as the use of the verb in all other tenses, and the singular form shall be deemed to include the plural and vice-versa. The word "including" shall mean "including but not limited to." Any word connoting the masculine gender shall include the feminine and the non-gender (i.e., it), the use of the feminine shall include both the masculine and the non-gender, and the use of the non-gender shall include both the masculine and feminine. The term "relating to" shall mean constituting, referring to, reflecting, discussing, showing, evidencing, supporting, contradicting, or in any way logically or factually connected with the matter discussed or identified.

4.    As used herein, the word "possession" shall mean, but is not limited to mean, to be in control of or under the direction or control of the respondent; to have been given by the respondent to another person or entity over whom the respondent has control or who has control over the respondent; to have been prepared by, for, or on behalf of the respondent; to have been paid for or purchased by the respondent; to be owned by the respondent; to be controlled by the respondent or any other entity or person who controls respondent or over whom the respondent has control or direction; to have knowledge of,

2

to be able to have access to and possession of, or to be in the possession of persons or entities employed by, working for or on behalf of, who have control over, or who employ, control or direct the respondent, whether by an entity or an individual.

5.    You shall search for all documents within its possession, custody or control, wherever located, including any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at their residence or place(s) of business), in order to respond fully to this Subpoena.

6.    If you are aware of any document or thing requested to be produced that has been lost, discarded, destroyed, or is otherwise not available for production for any reason whatsoever, you shall provide:

A.    a full identification of each such document or thing, including its author, addressee, recipient, date, and general type (e.g., letter, report); and

B.    a summary of its contents or general subject matter.

# EXHIBIT C

# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

~~INFINEUM INTERNATIONAL LTD. and~~
INFINEUM USA L.P., Plaintiffs,                                    ~~SUBPOENA IN A CIVIL CASE~~

v.

AFTON CHEMICAL CORP., Defendant.                    **CASE NUMBER:** C.A. No. 05-884 (JJF)

TO:    Uniqema Inc.
       1000 Uniqema Boulevard                                   Case pending in United States
       New Castle, DE 19720-2790                              District Court, District of Delaware
       Telephone + 1 800 424 2024
       Facsimile + 1 302 574 3525

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Schedule A.

| PLACE | Potter Anderson & Corroon LLP | DATE AND TIME |
|---|---|---|
| | Hercules Plaza, 6th Floor | September 18, 2006; 9:00 AM |
| | 1313 N. Market Street | |
| | Wilmington, DE  19899 | |

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which a person will testify. Federal Rules of Civil Procedure. 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Kenneth L. Dorsney* | 8/31/06 |
| Attorney for Defendant Afton Chemical Corp. | |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Kenneth L. Dorsney
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19899
(302) 984-6000

(See Rule 45 of Federal Rules of Civil Procedure Parts C & D on Reverse)

10/94

| PROOF OF SERVICE | | | |
|---|---|---|---|
| **SERVED** | DATE | | PLACE |
| SERVED ON (PRINT NAME) | | MANNER OF SERVICE | |
| SERVED BY (PRINT NAME) | | TITLE | |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the State of Delaware that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____

DATE

_____

SIGNATURE OF SERVER

_____

_____

ADDRESS OF SERVER

## Superior Court Civil Rule 45, Parts C, D & E:

### (c) Protection of Persons Subject to Subpoenas.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena  The Court shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the Court.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production  Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded

(3)(A) On timely motion, the Court shall quash or modify the subpoena if it (i) fails to allow reasonable time for compliance,
(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or (iii) subjects a person to undue burden

(B) If a subpoena (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the Court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the Court may order appearance or production only upon specified conditions

### (d) Duties in Responding to Subpoena.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

### (e) Contempt.

Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court.

## SCHEDULE A FOR SUBPOENA

### I.    DOCUMENTS AND THINGS TO PRODUCE

The subpoena duces tecum to which this Schedule is attached requires you to produce for inspection and copying documents sufficient to identify Uniqema's United States customers for glycerol monooleate in the years 1999 and 2000.

### II.    DEFINITIONS AND INSTRUCTIONS

For purposes of producing documents responsive to the foregoing subpoena duces tecum, the instructions and definitions stated below shall apply.

1.    The terms "you" "your," and "Uniqema" shall mean Uniqema Inc., its divisions, business units, subsidiaries, affiliates, predecessors, and any other related persons or entities.

2.    The term "document" shall have the comprehensive meaning set forth in Rule 34(a) of the Federal Rules of Civil Procedure.

3.    You shall search for all documents within its possession, custody or control, wherever located, including any documents placed in storage facilities or in the possession of any employee, agent, representative, attorney, investigator, or other person acting or purporting to act on your behalf (whether located at their residence or place(s) of business), in order to respond fully to this Subpoena.

4.    If you are aware of any document or thing requested to be produced that has been lost, discarded, destroyed, or is otherwise not available for production for any reason whatsoever, you shall provide:

A.    a full identification of each such document or thing, including its author, addressee, recipient, date, and general type (e.g., letter, report); and

B.    a summary of its contents or general subject matter.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

### CERTIFICATE OF SERVICE

I, Richard L. Horwitz, hereby certify that on September 1, 2006, the attached document was Electronically Mailed and Hand Delivered to the following persons and was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed and is available for viewing and downloading:

> John W. Shaw
> Monté T. Squire
> Young, Conaway, Stargatt & Taylor
> Brandywine Building, 17th Floor
> 1000 West Street
> P.O. Box 391
> Wilmington, DE 19899

I hereby certify that on September 1, 2006, I have Electronically Mailed and Federal Expressed the documents to the following:

> Richard L. Delucia
> Elizabeth A. Gardner
> Patrick Herman
> Kenyon & Kenyon
> One Broadway
> New York, NY 10004
> rdelucia@kenyon.com
> egardner@kenyon.com
> pherman@kenyon.com

> By:   /s/ Richard L. Horwitz
>       Richard L. Horwitz
>       Kenneth L. Dorsney
>       Hercules Plaza, 6th Floor
>       1313 N. Market Street
>       Wilmington, Delaware 19899-0951
>       (302) 984-6000
>       rhorwitz@potteranderson.com
>       kdorsney@potteranderson.com

718549